Marnie SWEET et al., Plaintiffs,

v.

GENERAL TIRE & RUBBER
CO., Defendant.

No. C75–181A.

United States District Court,
N. D. Ohio, E. D.

May 27, 1976.

Barbara Kaye Besser, Charles E. Guerrier, Jane M. Picker, Barbara H. Mitchell, Cleveland, Ohio, for plaintiffs.

Richard E. Guster, Roetzel & Andress, William J. Henrick, Akron, Ohio, for defendant.

## MEMORANDUM AND ORDER

MANOS, District Judge.

Plaintiffs Marnie Sweet and Dolly Hagerman filed a complaint on June 26, 1975 on behalf of themselves and a class defined as follows:

"All women who have been employed, who are employed, or who may become employed during the pendency of this suit at Defendant General Tire and Rubber Co. at its corporate headquarters ("Co. 10"), tire division headquarters ("Co. 15"), and international division headquarters ("Co. 97"), at the Akron, Ohio facility who have been, who will during the pendency of this suit, or who continue to be affected by the Defendant's allegedly discriminatory treatment of female employees because of their sex with respect to training, transfer and promotion, wages, job classification, job assignment and discharge policies and other terms and conditions of employment."

The plaintiffs prayed for relief for themselves and the class under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq, for injunctive relief and back pay to redress alleged employment discrimination on the basis of sex.

On March 12, 1976 the plaintiff moved this court to certify the action as a class action. For the reasons stated below said motion is granted.[1]

## I.

A class action may be maintained only upon a showing by the parties attempting to represent a class that all the requirements of Federal Civil Rule 23 have been met. In determining whether the plaintiffs here have met their burden, this Court has kept in mind the admonition of Federal Civil Rule 1, that the Civil Rules " . . . shall be construed to secure the just, speedy, and inexpensive determination of every action."

### A.

Federal Civil Rule 23(a)[2] enunciates four threshold requirements, all of which must be met before the question of the class actions maintainability and notice requirements need be broached.

### Numerosity

In an affidavit plaintiffs' attorney has estimated that the class contains at least six hundred and twelve women.

Rule 23(a)(1) does not require joinder to be impossible before the numerosity requirement is met, just "impracticable." See Samuel v. University of Pittsburgh, 56 F.R.D. 435 (W.D.Pa., 1972). An attempt to join at least six hundred and twelve additional parties is "impracticable" per se.[3]

---

1. Federal Civil Rule 23(c)(1) requires the trial court to determine as soon as practicable whether an action may be maintained as a class action. In making an early determination this court " . . . may consider reasonable inferences drawn from facts before him at that stage of the proceedings . . . ." Senter v. General Motors Corp., 532 F.2d 511 (6th Cir., 1976).

2. Federal Civil Rule 23(a) reads: "Prerequisites to class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

3. It has been held that "the number of members of the class alone is not dispositive", Samuel v. University of Pittsburgh, 56 F.R.D. 435, 439 (W.D.Pa., 1972); see also, Kinsey v. Legg, Mason & Company, Inc., 60 F.R.D. 91, 100 (D.C., 1973); and that it is " . . . the prac-

## Commonality

Under Rule 23(a)(2) the plaintiffs here are required to show that there are questions of fact and law common to the class as a whole and to themselves.

■ The plaintiffs have alleged in their complaint a general across-the-board policy of sexual discrimination. Clearly each individual member of the class has a unique situation and has been affected in diverse ways by the alleged discriminatory policy. That there are differences in situation and effect does not preclude a finding by this Court of commonality. That each class member's case is in other ways unique does not affect the commonality of the action, as long as the members of the class have allegedly been affected by a *general* policy of the defendant, and the general policy is the focus of the litigation. As the Sixth Circuit Court of Appeals said in *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir., 1976):

> "It is manifest that every decision to hire, fire or discharge an employee may involve individual consideration. Yet when that decision is made as part of class-wide discriminatory practices, courts bear a special responsibility to vindicate the policies of the Act [Title VII] regardless of the position of the individual plaintiff. Factual identity between the plaintiff's claim and those of the class he seeks to represent is not necessary." [citations omitted]

See e. g. *Watson v. Branch County Bank*, 380 F.Supp. 945, 955 (W.D.Mich., 1974); *Souza v. Scalone*, 64 F.R.D. 654, 657 (N.D. Cal., 1974).

## Typicalness of Claim

■ Rule 23(a)(3)[4] requires the claim of the plaintiff to be typical of the claims of the class. Here the plaintiffs allege they and the class were discriminated against because of their sex. Their claims are typical of the class, as the focus of the action for the plaintiffs will be on proving a policy of discrimination by the defendant, not just on proving facts peculiar to the plaintiffs.[5]

## Representation

■ Rule 23(a)(4) requires the plaintiffs to show that they fairly and adequately represent the class. This requires the court to find that the attorneys for the plaintiffs are qualified, experienced and able to conduct the proposed litigation and that the representatives of the class do not have antagonistic interest to the class. See e. g. *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 562 (2nd Cir., 1968); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir., 1975). This Court finds these two requirements to have been met.

## B.

## Maintainability

The plaintiffs must show that their action fits within one of the three categories established in Rule 23(b) to meet the maintainability requirement for proceeding with a class action. Plaintiffs claim they meet the requirements of both Rule 23(b)(2) and Rule 23(b)(3). This Court finds the plaintiffs qualify under Rule 23(b)(2) and therefore does not reach the question of whether they qualify under Rule 23(b)(3).

---

ticalities of the circumstances which govern", *Samuel, supra* at 439. In *Samuel* there were forty-eight members of the class and the practicality of possible joinder was decided correctly. But here there would have to be over six hundred parties joinder. There are no reasonable circumstances in which this Court can foresee such a number being practicably joined.

**4.** Rule 23(a)(3) can be differentiated from 23(a)(2) in that 23(a)(2) requires that the claims of the class have important similarities of either fact or law. Rule 23(a)(3) requires that there not be any important differences, differences which would cause the interest of the

class's members and representatives to be either antagonistic, see *American Finance System Incorporated v. Harlow*, 65 F.R.D. 94, 107–09 (D.Md., 1974), or so peculiarly dissimilar as to make a decision as to one member of the class logically inapplicable to another.

**5.** The fact that the plaintiffs quit their jobs with the defendant more than three years ago does not affect their ability to represent the class. See *Roberts v. Union Co.*, 487 F.2d 387 (6th Cir., 1973); *Tipler v. E. I. duPont deNemours and Co.*, 443 F.2d 125, 139 (6th Cir., 1971); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3rd Cir., 1975).

■ Rule 23(b)(2) [6] requires the plaintiffs to show: 1) that the class as a whole was generally affected by an act or refusal to act or policy of the opposing party; and 2) that the primary relief sought is in the nature of injunctive relief. The plaintiffs have alleged an across-the-board policy of discrimination by the defendant which, if established, would have affected the class as a whole. The plaintiffs have requested declaratory and injunctive relief as well as back pay. The inclusion of a prayer for back pay [7] does not prevent the class from qualifying under 23(b)(2).[8] See e. g. *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir., 1976); *Rich v. Martin Marietta Corporation*, 522 F.2d 333–41 (10th Cir., 1975).

## C.

### Notice Requirements

■ The question of the notice, if any, that the plaintiffs are required to give to all putative class members is an issue that goes to the heart of whether this action is to be maintained as a class action and therefore must be decided at this time.

The United States Supreme Court in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) held that Federal Civil Rule 23(c)(2) [9] requires individual notice be given to all members of the class who are identified through reasonable effort in a 23(b)(3) class action. The court in specifically limiting its ruling to 23(b)(3) actions,[10] and by basing its ruling not on the constitutional requirement of Due Process but on the requirement of Rule 23(c)(2), left open the question of whether in 23(b)(2) actions notice is required.

Authorities have been split on this issue. The leading case requiring notice in all class actions is *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2nd Cir., 1968), in which the court stated, " . . . we hold that notice is required as a matter of due process in all representative actions, and 23(c)(2) merely requires a particularized form of notice in 23(b)(3) actions." *Id.* at 564. This view has been rejected by a number of courts, see e. g. *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 878 (5th Cir., 1975); *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir., 1972); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3rd Cir., 1974); *American Finance System Incorporated v. Harlow*, 65 F.R.D. 94, 110–11 (D.Md., 1974); *Northern Natural Gas Co. v. Grounds*, 292 F.Supp. 619, 636 (D.Kan., 1968); *Watson v. Branch County Bank*, 380 F.Supp. 945, 958 (W.D. Mich., 1974); and noted authorities, see 3 *Moore, Federal Practice*, ¶ 23.55.

This court does not believe that Due Process requires notice to all putative members of a class. The touchstone of Due Process is that each party has his or her position fairly and adequately represented in court. The requirement of Rule 23(a) and (b) insure that a class's interests will be represented fairly and adequately or the class will not be certified. As long as there

---

**6.** Federal Civil Rule 23(b)(2) reads:

"[T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . .."

**7.** Back pay has been held to be not damages but a form of equitable relief. *EEOC v. Detroit Edison Co.*, 515 F.2d 301 (6th Cir., 1975).

**8.** The Advisory Committee's notes on Rule 23(b)(2) makes it clear that the Committee contemplated the use of 23(b)(2) for cases like the one presented here, "illustrative are various actions in the civil-rights field where a party is charged with discrimination unlawfully against a class . . . .." Advisory Committee Notes to Propose Rule 23, 39 F.R.D. 102 (1966).

**9.** Rule 23(c)(2) reads:

"In any class maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." 23(c)(2) Fed.R.Civ.P.

**10.** The Supreme Court stated, "We are concerned here only with the notice requirements of subdivision (c)(2), which are applicable to class actions maintained under subdivision (b)(3). By its terms subdivision (c)(2) is inapplicable to class actions for injunctive or declaratory relief maintained under subdivision (b)(2)." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, fn. 14, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974).

is adequate representation, notice is not required[11] in 23(b)(2) actions. *Hansberry v. Lee*, 311 U.S. 32, 45, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

This Court finds that no notice is required at this time.[12]

## II.

■ The following class is hereby certified pursuant to Rule 23(b)(2):

"All women who were employed after February 3, 1972 inclusive, or who are presently employed, or who may become employed during the pendency of this action, by defendant General Tire and Rubber Company at its corporate headquarters ('Co. 10') tire division headquarters ('Co. 18') and international division headquarters ('Co. 97'), at the Akron, Ohio facility."[13]

IT IS SO ORDERED.

---

11. In Rule 23(b)(2) action notice would serve no purpose at this time, as class members cannot opt out as they can in 23(b)(3) actions. See *Air Line Stew. & S. Ass'n., Loc. 550 v. American Airlines, Inc.*, 490 F.2d 636, 642 (7th Cir., 1973); 7A Wright and Miller, *Federal Practice Procedure*, § 1786, p. 144.

12. Under Rule 23(d)(2) it is within the discretion of the court to order the giving of notice at some later time, i. e. if the plaintiffs prevail on the merits.

13. The class is restricted to those women employed at General Tire and Rubber Company after February 3, 1972 inclusive. The plaintiffs may not represent parties who, because of the running of the statute of limitations, could not have sued independently. See *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 246 (3rd Cir., 1975), 42 U.S.C. § 2000e–5(e) precludes the bringing of charges under 42 U.S.C.

§ 2000e–5 more than 180 days after the alleged unlawful employment practice. See *Equal Employment Opportunity Com'n v. Missouri Pacific R. Co.*, 493 F.2d 71, 74 (8th Cir., 1974). Plaintiff Hagerman filed her action with the EEOC on August 1, 1972 and thereby tolled the running of the 180 days for all potential class members who were eligible to sue, see *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), i. e. those women who had worked for defendants within 180 days of the filing. Though this Court views an allegation of discrimination as a continuing injury, see *Macklin v. Spector Freight Systems Inc.*, 156 U.S.App.D.C. 69, 478 F.2d 979, 986 (1973), a class claim cannot revive barred causes of action.