**William HIATT, et al., Plaintiffs,**

v.

**COUNTY OF ADAMS, OHIO, Defendants.**

No. C–1–93–585.

United States District Court, S.D. Ohio, Western Division.

May 2, 1994.

---

Robert Armbruster, Armbruster, Kelley, McKenna & Modugno, Akron, OH, for plaintiffs.

Mark David Landes, Isaac, Brant, Ledman & Becker, Columbus, OH, for defendants.

## ORDER CERTIFYING CLASS

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiffs' Motion for Class Certification (doc. 3). The motion is unopposed.

## BACKGROUND

Three named Plaintiffs have moved the court to certify this case as a class action. At the time that this action was filed, all were incarcerated in the Adam County Jail. Plaintiff Hiatt began his incarceration at the jail on April 9, 1992. He was a pretrial detainee. Plaintiff W. Ray Collett was originally incarcerated at the jail on February 28, 1993. He also was being held as a pretrial detainee. Plaintiff Collett remained incarcerated at the jail until approximately July 27, 1993, when he was transferred to the state penal system. Plaintiff David Stutts commenced incarceration at the jail on July 2, 1993. He also was being held as a pretrial detainee.

These Plaintiffs contend that the conditions of confinement in the Adams County Jail, as well as the policies and practices of the Defendants violate both federal and state law. Plaintiffs seek to have the class defined as all inmates housed in the jail at the time this lawsuit was filed and all inmates housed in the jail thereafter. The Plaintiffs seek on behalf of themselves, and all other present and future inmates of the jail, equitable and declaratory relief, requiring the Defendants to correct certain conditions and policies at the jail which allegedly violate federal and state law.

## STANDARD FOR CLASS CERTIFICATION

Rule 23(a) Fed.R.Civ.P. sets forth the requirements for class certification. A class action can only be maintained if the following criteria are met:

1) the class is so numerous that joinder of all members is impracticable,

2) there are questions of law and fact common to the class,

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the criteria outlined in Rule 23(a), a class action can only be maintained if one of the additional three requisites contained in Rule 23(b) are satisfied. In the instant case, Plaintiffs are proceeding under Rule 23(b)(2) which states:

> The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(2). A trial court has broad discretion in determining whether a particular case shall proceed as a class action. *Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188, 1197 (6th Cir.1988). However, the requirements of the rule should be liberally construed in the context of civil rights suits. *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir.1974).

## DISCUSSION

### Rule 23(a)

We will first consider each of the requirements for class certification under Rule 23(a).

#### 1. Numerosity

Rule 23(a)(1) requires that a proposed class must be so numerous as to make joinder of all members "impracticable." Plaintiffs estimate that the average daily jail population is approximately 38 or more. This is based on the capacity figures noted in the report of the Ohio Department of Rehabilitation and Corrections. Plaintiffs' Motion for Class Certification, Exhibit 1, Document 3. Further Plaintiffs' affidavits allege an overcrowding situation evidenced by the use of cots in addition to the 38 permanent beds.

By its very nature a jail is a short term holding facility. People pass in and out of the jail on a frequent basis. As a short term holding facility, its population is very fluid. If the average length of stay is 15 days, it is estimated that the total number of inmates housed in any one year would be over 900 persons. If the average length is 30 days, the number of inmates housed in any one year would be over 450. The numbers in the instant case are sufficient to meet the numerosity requirement.

The proper focus is whether joinder is practicable in view of the numbers involved in the class and all other relevant factors. Fed.R.Civ.P. 23(a)(1); *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.1976). In the instant case, a joinder of all members of the class is extremely impracticable. The class in the instant case will be constantly changing. Pretrial detainees unable to make bond will be tried in a speedy fashion. If found innocent, they will be released. If found guilty of felonies, they will be transferred to a state penal institution. The same can be said for those inmates serving sentences for misdemeanors in the jail. Although their sentence may vary, there will always be a constant turnover. The transient and fluctuating nature of the jail population makes joinder impracticable.

Another effect of the short term nature of incarceration in a county jail is that individual plaintiffs seeking injunctive relief would soon lack standing. Therefore, their claim is one that is distinctly capable of repetition, yet one evading judicial review. *Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975)[1]. Class action is the only vehicle whereby the legality of the operation of the Adams Coun-

---

1. The Supreme court held:
   Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under allegedly unconstitutional process. The claim, in short, is one that is distinctly "capable of repetition, yet evading review."
   *Gerstein v. Pugh,* 420 U.S. 103, 111 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975).

ty Jail can be reviewed. *Jones v. Wittenberg,* 323 F.Supp. 93, 99 (N.D.Ohio 1971) (holding that certification was appropriate when an individual's claims would become moot within a short period of time).

### 2. Common Questions of Law and Fact

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." This requirement is satisfied "as long as the members of the class have allegedly been affected by a *general* policy of the defendant, and the general policy is the focus of the litigation." *Sweet v. General Tire & Rubber Co.,* 74 F.R.D. 333, 335 (N.D.Ohio 1976) (emphasis in the original). It is not necessary that all questions of fact be identical. *Senter v. General Motors Corp.,* 532 F.2d at 524. Further, the fact that each class member's claim may in other aspects be unique does not affect the "commonalty" of the class action, so long as all the members of the class have allegedly been similarly affected by the policies of the defendants, and so long as those policies remain the primary focus of the litigation. *See Sweet,* 74 F.R.D. at 335; 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1763 (1986). In the instant case the commonalty requirement has been met. The actions challenged in the Complaint relate to the class generally. It is those actions that are the focus of the litigation and the remedial action requested. The conditions, policies and practices challenged impact upon all inmates housed in the Adams County Jail.

### 3. Typicality

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The typicality requirement is intended to assure that the representatives are similar enough to those of the class so that the representatives will adequately represent the class. *General Telephone Co. v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982); 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1764 (1986).

In the instant case the named Plaintiffs suffered the same alleged injuries as those claimed for all class members. *See* Plaintiffs' Motion for Class Certification, Exhibit 2, Affidavit of Hiatt, Exhibit 3, Affidavit of Collet, Document 3. They have been subjected to the same conditions and operational policies and practices as the class generally. The allegations in the Complaint allege system wide deprivations which impact on all inmates at the jail. Moreover, the claims of the named Plaintiffs are based on the same legal theory as those of the entire class. The named Plaintiffs have been subjected to the practices of the Defendants alleged in the complaint to be unconstitutional, including claims of: lack of classification, overcrowding, lack of sufficient inmate exercise facilities, lack of trained staff, inadequate medical care and staff, lack of mental health programs, lack of ventilation, lack of adequate plumbing, basic sanitation and the general disrepair of the facility, problems of safety and security and lack of social service programs. The named Plaintiffs complain of practices or courses of conduct which give rise to the claims of the entire class and as such, the representatives' claims are typical of those of the class.

### 4. Adequate Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interest of the class." In determining the adequacy of the class representation, the Court must examine two factors: (1) the representatives must have common interests with the unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *Senter,* 532 F.2d at 525 (6th Cir.1976).

In the instant case both prongs of the test of adequate representation are met. As demonstrated previously, the Plaintiffs do have a common interest with unnamed members of the class. The relief sought will be beneficial to all members of the class. No antagonism or conflict exists between the interest of the named Plaintiffs and the other members of the class. The interest of each coincide.

Secondly, the named Plaintiffs and the class are represented by qualified and competent counsel. The Plaintiffs' attorneys, Robert Armbruster and Thomas Kelley, are involved in over twenty cases concerning class action jail litigation. *See* Plaintiffs' Motion for Class Certification, Exhibits 5 and 6, Document 3.

### Rule 23(b)(2)

 Having examined the putative class under Rule 23(a) and having determined it to have (1) the requisite numerosity, and (2) commonality of questions of fact and law, and that the class representatives have (3) the required typicality, and are (4) adequate representatives of the class, the Court must now turn to the further requirements of Rule 23. The final requirement for class certification is contained in Rule 23(b). In this case, plaintiffs rely on Rule 23(b)(2). That rule requires that

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(2). This requirement is met when (1) the class as a whole is generally affected by an act or refusal to act or policy of the opposing party, and (2) the primary relief sought is in the nature of injunctive relief. *Sweet v. General Tire & Rubber Co.,* 74 F.R.D. 333, 336 (N.D.Ohio 1976) Moreover, "Rule 23(b)(2) was intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive or declaratory relief against discriminatory practices." *Penson v. Terminal Transport Co., Inc.,* 634 F.2d 989, 993 (5th Cir.1981). First, the Plaintiffs have alleged that the policies and practices of the Defendants and the condition existing at the jail affect the class as a whole. The Complaint alleges a continuous course of conduct by the Defendants which impacts on all inmates. Secondly, the relief sought is declaratory and injunctive. The declaratory and injunctive relief sought would inure to the benefit of the entire class. Indeed, the remedy sought, to be effective, must be system wide rather than individually oriented.

### CONCLUSION

For the reasons set forth above, the Plaintiffs in this case have satisfied the requirements of Rule 23(a) and Rule 23(b)(2) of the Federal rules of Civil Procedure. Accordingly, we certify this class action for injunctive and declaratory relief with the class defined as follows:

> all persons confined at the Adams County Jail on August 19, 1993, all persons subsequently confined there, and all persons who may be so confined in the future.

SO ORDERED.