Teresa PUTNAM, Plaintiff,

v.

Colonel Warren DAVIES, et al., Defendants.

No. C2-95-631.

United States District Court, S.D. Ohio Eastern Division.

Sept. 26, 1996.

John Spenceley Marshall, Columbus, OH, for Teresa Putnam.

William Christian Becker, Jr., Assistant Attorney General, Court of Claims Defense, Columbus, OH, Allen Paul Adler, Ohio Attorney General, Columbus, OH, for defendants Brady Turner and Warren Davies.

## ORDER

DLOTT, District Judge.

This matter is before the Court on the parties' cross motions for summary judgment (Doc. Nos. 10 and 14) and on Plaintiff's Motion for Class Certification (Doc. No. 4).

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, on behalf of herself and a class of others similarly situated, to challenge the constitutionality of the "innocent owner" provisions of Ohio R.C. § 4511.195. Section 4511.195 requires law enforcement officers to seize and immobilize the vehicles of persons who have been arrested for a second offense of operating a motor vehicle while under the influence of alcohol ("OMVI"). Defendants are Colonel Warren Davies,[1] head of the Ohio State Highway Patrol, in his official capacity, and Sergeant Brady Turner, both individually and in his official capacity.

The facts in this case are simple and undisputed.[2] On June 17, 1995, Plaintiff lent her truck to her 21 year-old son, who drove the truck to Lancaster, Ohio with his friend Scott Ritchie. Because Plaintiff's son was intoxicated, he let Mr. Ritchie drive the truck home later that night. It is undisputed that Ms. Putnam did not give Mr. Ritchie permission to drive the truck. While driving the truck, Mr. Ritchie was stopped and subsequently was arrested by Defendant Turner for driving while under the influence of alcohol. Following Mr. Ritchie's arrest, Sgt. Turner determined that Mr. Ritchie had a previous OMVI conviction. Accordingly,

---

1. Colonel Davies was substituted for Colonel Richard Shipley, the former head of the Highway Patrol.

2. For purposes of these summary judgment motions, the parties have entered into a set of stipulated facts.

pursuant to Ohio R.C. § 4511.195, on June 18, 1995, Sgt. Turner seized the license plates and immobilized the vehicle that Mr. Ritchie was driving at the time of his arrest—Plaintiff Teresa Putnam's truck.

On June 22, 1995, Plaintiff filed a motion in the Chillicothe Municipal Court for the temporary release of her truck. Her motion was granted on June 23 and her license plates were returned to her temporarily. On August 17, 1995, the Court found Plaintiff to be an innocent owner under the statute and permanently returned her license plates.

On June 22, 1995, Plaintiff also commenced this class action litigation. In her complaint, Plaintiff challenges the constitutionality of the Ohio statute as it applies to non-driver owners who (even temporarily) lose the use and possession of their vehicles after a third-party driver has been arrested for drunk driving. Plaintiff alleges that the statute denies non-driver owners due process and violates the fourth amendment by permitting warrantless seizures of property. Plaintiff prays for damages and injunctive relief.

The parties have cross motions for summary judgment. The parties appeared for oral argument on these motions on June 20, 1996. After oral argument, but before this Court had rendered its opinion, the Ohio Supreme Court rendered an opinion in *State v. Hochhausler*, 76 Ohio St.3d 455, 668 N.E.2d 457 (1996), in which the Court held that Ohio R.C. § 4511.195 is unconstitutional because it denies non-driver owners procedural due process.

## ANALYSIS

### I. *CLASS CERTIFICATION*

Plaintiff brings this action on behalf of herself and a class of "all persons who own or will own a motor vehicle and/or license plates which have been or will be seized by the Ohio State Highway Patrol pursuant to O.R.C. 4511.195 while being driven by a third party, or retained after such a seizure." Amended Compl. ¶ 5.

Plaintiff filed a motion for class certification when she filed her complaint. Although Defendants did not file a formal opposition to this motion, they addressed the suitability of proceeding as a class action in their motion for summary judgment. At oral argument, there was some dispute between the parties as to whether the question of class certification was suitably before the Court. Federal Rule of Civil Procedure 23(c), however, requires this Court to address the question of class certification promptly, "whether requested to do so or not." *Senter v. General Motors Corp.*, 532 F.2d 511, 520 (6th Cir. 1976) (citing *Garrett v. City of Hamtramck*, 503 F.2d 1236, 1243 (6th Cir.1974)). Thus, the Court finds that the issue of class certification is properly before it and ripe for decision.

### A. RULE 23(a).

In order to proceed as a class action under Rule 23, the proposed class representative first must demonstrate that:

1) the class is so numerous that joinder of all members is impracticable (the "numerosity requirement");

2) there are questions of law or fact common to the class (the "commonality requirement");

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (the "typicality requirement"); *and*

4) the representative parties will fairly and adequately protect the interests of the class (the "adequacy of representation requirement").

Fed.R.Civ.P. 23(a).

### 1. *Numerosity*

▇ Under Rule 23(a)(1), Plaintiff must establish that the "class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Plaintiff need not demonstrate that it would be impossible to join all of the putative class members, but simply that joinder in this case would be impracticable. *Day v. NLO*, 144 F.R.D. 330, 333 (S.D.Ohio 1991). Likewise, there is no minimum number of class members required in order to permit litigation to proceed as a class action. *Senter*, 532 F.2d at 523. Instead, the Court must examine the facts alleged in the complaint and make a

determination as to whether these facts justify proceeding as a class action. *Id.; see also Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 63 (S.D.Ohio 1991) (numerosity requirement "does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required").

The Court agrees with Plaintiff that the proposed class meets the numerosity requirement. Although Plaintiff has not offered evidence with respect to the number of potential class members, Plaintiff asserts that Ohio law enforcement officials seize the vehicles of non-driver owners daily. Defendants do not dispute this assertion.[3] It is reasonable to infer from the facts in this case that the size of the potential class will number in the thousands and will be ever changing.[4] *See Senter*, 532 F.2d at 523 (in evaluating the numerosity requirement "a judge may consider reasonable inferences drawn from facts before him at that stage of the proceedings"). In such a case, joinder of all potential class members would be cumbersome and likely impossible.

Furthermore, the nature of the claims in this litigation also makes individual challenges to the constitutionality of this statute impractical and unlikely. As in Ms. Putnam's case, the monetary damages that have been or will be suffered by class members are extremely small. In general, they will be the cost of a rental car for a few days. The litigation costs of a constitutional challenge to the statute, on the other hand, are necessarily high. *See Eisen v. Carlisle & Jacquelin,*

417 U.S. 156, 158–161, 94 S.Ct. 2140, 2144, 40 L.Ed.2d 732 (1974).[5] Thus, as Judge Beckwith explained in *Kutschbach v. Davies* "the financial disincentives to initiating a lawsuit such as this one create a significant hardship for prospective plaintiffs and warrant the conclusion that the questioned statutes would go unchallenged were a class not certified." *Kutschbach v. Davies*, 885 F.Supp. 1079, 1084 (S.D.Ohio 1995).[6]

Accordingly, the Court finds that Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

### 2. Commonality

■ Under Rule 23(a)(2), Plaintiff must demonstrate that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). This does not mean that the claims of the potential class members must be factually identical. Indeed, if factual identity were the standard, it would be rare, if even possible to obtain class certification. *Senter*, 532 F.2d at 524. Instead, the commonality requirement will be satisfied "as long as the members of the class have allegedly been affected by a *general* policy of the Defendant and the general policy is the focus of the litigation." *Day*, 144 F.R.D. at 333 (quoting *Sweet v. General Tire & Rubber Co.*, 74 F.R.D. 333, 335 (N.D.Ohio 1976) (emphasis in original)).

In this case, the proposed class also meets the commonality requirement of Rule 23(a)(2). On behalf of the class, Plaintiff is challenging a statutory procedure that—as

3. Defendants instead argue that Plaintiff has failed to meet the numerosity requirement because Plaintiff has failed to identify clearly any other potential class members. Apparently, Defendants believe that Plaintiff should have supplied the Court with the names and addresses of other class members. The Court will not place such a burden on the Plaintiff at this time.

4. As vehicles are returned to their innocent owners, the equitable claims of those owners will be rendered moot. Meanwhile, new innocent owners will become members of the class as their vehicles are seized and immobilized.

5. In *Eisen* the Court noted that the named plaintiff's damages were only $70, an amount that appeared to be representative of the damages of other potential class members. The Court explained that "no competent attorney would undertake this complex antitrust action to recover so inconsequential an amount." *Id.* at 161, 94 S.Ct. at 2144. Therefore "[e]conomic reality dictates that petitioner's suit proceed as a class action or not at all." *Id.*

6. In *Kutschbach*, Judge Beckwith addressed the constitutionality of the innocent owner provisions of Ohio Revised Code § 4507.38. Section 4511.195's "innocent owner" provisions are substantially similar to the "innocent owner" provisions of Revised Code § 4507.38, which requires seizure of an automobile involved in the commission of one of several offenses, including driving without a license. Judge Beckwith certified a class of non-driver owners and found the statute unconstitutional as applied to those owners.

Defendants concede—is routinely and uniformly applied when a driver is arrested for a repeat offense of drunk driving. Further, the essential legal questions in this case, regarding the constitutionality of the notice and hearing provisions for non-driver owners, will not vary among the class members.

Defendant, however, argues that the proposed class does not meet the commonality requirement because the Court will have to make individualized determinations regarding each member's "innocence" under the statute. The fact that there are factual differences between the members of the class—for example the question of whether a given class member is an innocent owner—is of no consequence. *Id.* at 334. Moreover, the merits of each class member's claims, and thus the likelihood that he or she will be adjudged an innocent owner, is not an appropriate consideration at this stage of the litigation. *See Eisen,* 417 U.S. at 178, 94 S.Ct. at 2152–53; *Mayo v. Sears, Roebuck & Co.,* 148 F.R.D. 576, 579 (S.D.Ohio 1993) (holding that the court should not consider the merits when deciding whether to certify the class).

Further, Defendants' argument appears to miss the point of this litigation. No doubt, some members of the proposed class will be adjudged innocent owners while others will not. Nevertheless, it is a bedrock proposition of constitutional law that a party's right to due process and fair procedures does not depend on that party's guilt or innocence. *United States v. James Daniel Good Real Property,* 510 U.S. 43, 62, 114 S.Ct. 492, 505, 126 L.Ed.2d 490 (1993) ("Finally, the suggestion that this one petitioner must lose because his conviction was known at the time of seizure ... founders on a bedrock position: fair procedures are not confined to the innocent."). In this case, whether or not a non-driver owner is (or is not) eventually held to be an "innocent owner" does not affect that owner's right to a fair process for that determination. Thus, the Court finds that there are substantial questions of law and fact common to the members of the proposed class.

### 3. *Typicality*

 Rule 23(a)(3), the typicality requirement, requires the named plaintiff to demonstrate that her claims or defenses are "typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). The typicality requirement insures that the class representative will adequately represent the members of the class by requiring her claims to be sufficiently similar to the claims and defenses of the putative class members. *Day,* 144 F.R.D. at 334. Like the commonality requirement, however, the named plaintiff's claims do not have to be identical to the claims and defenses of the other members of the putative class, but there must be a common element of fact or law between the claims. *Id.*

The Court finds that Plaintiff has established that her claims are typical of those of the class she proposes to represent. There is nothing to indicate that the procedures followed in seizing Plaintiff's vehicle and in addressing Plaintiff's claims that she was an innocent owner differed in any way from the procedures that normally are followed under the statute.[7]

### 4. *Adequacy of Representation*

 Finally, Rule 23(a)(4) requires Plaintiff to demonstrate that she "will fairly and adequately protect the interests of the class." There are two prongs to this analysis. First, Plaintiff must demonstrate that she has common interests with the unnamed members of the proposed class. *Day,* 144 F.R.D. at 335. This requirement is basically the same as the commonality and typicality requirements in subsections 23(a)(2) and (a)(3). For the reasons state above, the Court finds that Plaintiff has met this prong of the analysis.

Second, Plaintiff must demonstrate that she will "vigorously prosecute the interests of the class through qualified counsel." *Id.* In this case, Plaintiff has found highly qualified counsel to represent both herself and the

---

**7.** Again, to the extent that some of the proposed class members will not be found to be innocent owners is of no consequence. Whatever the final outcome of a given case, it appears that Defendants follow substantially similar procedures in all cases under § 4511.195.

class.[8] The diligence with which Plaintiff and her counsel have prosecuted this case to date further demonstrates that Plaintiff (through her counsel) will be a more than adequate class representative. *See Day,* 144 F.R.D. at 335. Accordingly, the Court finds that Plaintiff has met the requirements of Rule 23(a)(4).

## B. RULE 23(b).

█ In addition to establishing all four requirements under Rule 23(a), Plaintiff must also demonstrate that a class action is maintainable under one of the three prongs of Rule 23(b). Plaintiff seeks to proceed under Rule 23(b)(2) because Defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ..." Fed.R.Civ.P. 23(b)(2).

Defendants argue that this case should not proceed as a class action under Rule 23(b)(2) because "[d]eclaratory relief is inappropriate with the named Defendants." Def.Mtn. for S.J. at 7. Further Defendants state that "Plaintiff should not be able to use the guise of class certification to extend the jurisdiction of this Court statewide and essentially obtain a state supreme court type decision from a court of limited geographical jurisdiction." *Id.* Although the Court does not fully understand this argument—for which Defendants provided no authority—it appears that Defendants are arguing that because they did not play a role in drafting § 4511.195, they are not the proper defendants for a suit challenging its constitutionality. As is explained *infra* in connection with Defendants' Motion for Summary Judgment, the Court finds that the Defendants are the proper parties for this constitutional challenge. Accordingly, the Court also finds that this action is maintainable under Rule 23(b)(2).

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted only when, based on the evidence produced, the Court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). The party opposing a properly supported motion for summary judgement may not rest upon mere allegations or denial of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Summary judgment is particularly appropriate in this case. The parties have stipulated to a set of undisputed facts. Thus, the only question facing this Court is the application of the law to those facts.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

█ Plaintiff has moved for summary judgment, on behalf of herself and a class of others similarly situated, on the grounds that Ohio Revised Code § 4511.195 deprives non-driver owners of due process in violation of the Fourteenth Amendment and permits warrantless seizures of property in violation of the Fourth Amendment.

On July 30, 1996, the Ohio Supreme Court issued its opinion in *Ohio v. Hochhausler,* 76 Ohio St.3d 455, 668 N.E.2d 457 (1996), in which the Supreme Court addressed, *inter alia,* the constitutionality of the innocent owner provisions of § 4511.195 and found

---

**8.** At oral argument, Defendants challenged Plaintiff's counsels' ability to represent the class on the grounds that they are with a federally-funded legal services organization. As of August 1, 1996, federal law prohibited Southeastern Ohio Legal Services from representing a class of plaintiffs in this action. Plaintiff, however, made arrangements to obtain new counsel, who has been substituted in this matter. Because Plaintiff has obtained new counsel—whom the Court must assume is competent to represent the class of plaintiffs in this matter—the Court is not prepared to find that this situation in any manner renders Plaintiff an inadequate class representative.

them wanting. In particular, the Court held that R.C. § 4511.195 deprives non-driver owners of procedural due process. The Court held that

the governmental interest advanced under R.C. 4511.195 is insufficient to outweigh the private interest in a vehicle and the attendant risk of erroneous deprivation under the present statutory scheme, and does not justify the deprivation of a vehicle owner's property interest when that vehicle is operated by a third party.

*Id.* at 468, 668 N.E.2d 457.

This Court agrees with the reasoning set forth by the Ohio Supreme Court in *Hochhausler* and adopts that reasoning here.[9] Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment on the grounds that § 4511.195 denies non-driver owners procedural due process.

## IV. QUALIFIED IMMUNITY

■ Both Plaintiff and Defendants have moved for summary judgment on the issue of the availability of qualified immunity to shield Defendants from liability for damages. Defendants argue that the Court should grant summary judgment as to Plaintiff's claim for damages because Defendant Turner is protected by qualified immunity. In support of this contention, Defendants point to Judge Beckwith's decision upholding the application of the qualified immunity defense in *Kutschbach.* Plaintiff, on the other hand, argues that the Court should find that Defendant Turner is not entitled to qualified immunity for two reasons. First, Plaintiff argues that Defendant Turner was performing a purely ministerial task when he seized her truck. Plaintiff argues that Defendant Turner is not protected by qualified immunity for this reason. Second, Plaintiff argues that the *Kutschbach* decision put the members of the Ohio Highway Patrol on notice that

§ 4511.195's innocent owner provisions are unconstitutional.

The doctrine of qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Kutschbach,* 885 F.Supp. at 1093 (quoting *Harlow* ). In determining whether Defendant Turner may assert the shield of qualified immunity, the Court must address two considerations. First, the Court must determine whether Turner was performing a ministerial or discretionary duty. Second the Court must determine whether Turner's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

The rule had been that the defense of qualified immunity would only attach when the government official was performing a discretionary task. *Id.* (qualified immunity is available to "government officials performing discretionary functions ...."); *Davis v. Holly,* 835 F.2d 1175, 1178 (6th Cir.1987) ("Only officials 'performing discretionary, as opposed to ministerial, functions are entitled to qualified immunity from suit.' "). Thus, under the traditional view, a government official who was performing a purely ministerial task (in which he exercised no discretion or decision-making authority) would remain liable for damages should it later be determined that his or her ministerial acts violated the plaintiff's constitutional rights.[10]

This traditional view of qualified immunity, however, has been eroded in recent years by a trend away from the discretionary/ministerial dichotomy. *See, e.g., Dugas v. Jefferson County,* 931 F.Supp. 1315 (E.D.Texas 1996) ("Recently, however, several circuit courts

---

**9.** The Court also agrees with the reasoning set forth by Judge Beckwith in *Kutschbach v. Davies.*

**10.** At first blush this rule seems counter-intuitive, thus explaining the trend away from the discretionary/ministerial dichotomy. The distinction arose due to the concern that the fear of liability for damages would chill a government official's

exercise of his or her decision-making authority. When the task at hand is ministerial, the official has no choice whether to act or not and therefore will not be subtly influenced by a desire to avoid liability. *See Harlow,* 457 U.S. at 814, 102 S.Ct. at 2736.

have commented on the extremely restricted breadth of the ministerial function exception or expressed doubt as to its continuing vitality altogether."). Thus, for example, the Eleventh Circuit recently "interpreted the term 'discretionary authority' to include actions that do not necessarily involve an element of choice." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir.1995). Instead, the Court held that qualified immunity was available to an official "whose actions may be ministerial so long as the official's actions '(1) were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Id.* (quoting *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir.1988)).

While the Sixth Circuit has not spoken on the issue, the Court believes that the approach taken by the Eleventh Circuit in *McCoy* is the proper approach. The parties do not dispute that, once Sgt. Turner determined that Mr. Ritchie had been arrested for his second offense for OMVI, Turner had no discretion. He was required by statute to seize the vehicle that Mr. Ritchie had been operating at the time of his arrest. Turner undertook this ministerial task, however, in the course of performing his official duties, including the discretionary duty of determining whether to stop and subsequently arrest an allegedly drunk driver. Thus, under the recent trend—as described in *McCoy* and *Jordan*—the Court finds that Turner's conduct meets the first step of the qualified immunity test.

Next, the Court must determine whether Defendant's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 801, 102 S.Ct. at 2729. In this case, it does not appear that the unconstitutionality of Defendant's acts was firmly or clearly established at the time that he seized and immobilized Plaintiff's truck. At that time, no Court had ever found that § 4511.195 was unconstitutional. To the contrary, at least one Ohio court had upheld the constitutionality of the statute in the face of constitutional arguments similar to those offered by Plaintiff in this case. *See State v. Hochhausler*, 1995 WL 308484 (12th Dist.1995). The Ohio Supreme Court

eventually came to a contrary conclusion regarding the constitutionality of the statute. Nevertheless, at the time of Sgt. Turner's actions, the statute had been upheld.

Plaintiff argues that Judge Beckwith's decision in *Kutschbach*—which also pre-dated the conduct in this case—should have put Defendant Turner on notice that the innocent owner provisions of § 4511.195 also denied non-driver owners procedural due process. The Court disagrees. While the innocent owner provisions of §§ 4507.38 and 4511.195 are strikingly similar, the fact remains that they are different statutes. Moreover, in *Kutschbach* Judge Beckwith did not address the validity and constitutionality of the innocent owner provisions of Revised Code § 4511.195. Therefore, the Court does not believe that *Kutschbach* was sufficient to place Turner on notice that § 4511.195 is unconstitutional.

Accordingly, the Court holds that Defendant Turner is immune from liability for damages resulting from the due process violations to which he subjected Plaintiff. Defendant Turner was acting in accordance with a statute that not only had never been held unconstitutional, but in fact had been upheld by an Ohio court. To hold that Defendant should have engaged in the involved legal analysis, that the Ohio Supreme Court has since invoked, in order to determine the constitutionality of his actions under the statute places too great a burden on a non-lawyer defendant. Accordingly the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' motion for summary judgment on Plaintiff's claim for damages on the grounds that Defendant Turner is protected by qualified immunity.

## V. *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

Defendants also have moved for summary judgment on several grounds. In particular, Defendants argue that summary judgment is appropriate because 1) they are not the proper parties; 2) Plaintiff's claims are moot; 3) Defendants are not liable for damages because they are protected by qualified immunity; and 4) the proposed plaintiffs' class should not be certified. The Court already

has addressed its reasons for certifying a class of plaintiffs and granting Defendant Turner qualified immunity, and will not revisit these issues here.

## A. MOOTNESS

 Defendants argue that the Court should dismiss Plaintiff's claims as moot. Specifically, Defendants argue that there is no longer a live controversy because Plaintiff's truck has already been returned to her. Plaintiff disputes this contention for two reasons. First, Plaintiff notes that although she has secured the return of her truck, she still has a claim for monetary relief.[11] Second, Plaintiff argues that, even if her claims are moot, this does not render the entire class action moot.

In general, a class action will not be rendered moot simply because the claims of the class representative have become moot. *See, e.g., United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Moreover, the fact that the class has not been certified before the proposed class representative's claims become moot is of no consequence. *County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991) ("that the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction."). Indeed, because the deprivations in this case generally will last between five and thirty days, it is highly unlikely that a class would ever be certified before the named plaintiff's claims had been rendered moot. Accordingly, the Court will DENY Defendant's motion for summary judgment based on mootness.

## B. PROPER PARTIES

 Defendants next argue that summary judgment should be granted in their favor because "Plaintiff has not sued the proper parties to obtain the constitutional relief she seeks." Mtn. At 2. That is, Defendants argue that because they represent only one law enforcement agency charged with enforcing the statute at issue in this case, "[n]either of the Defendants has the authority not to enforce this statute or to declare the statute unconstitutional." *Id.* Thus, according to Defendants, for Plaintiff to receive the relief that she seeks, she must sue the legislature that enacted the statute instead of the representatives of the state agency that enforced the statute against her.[12]

It is well-settled that when a plaintiff seeks to challenge the constitutionality of a state statute, the proper defendant for that suit is the state official or agency that enforced the allegedly unconstitutional statute against the plaintiff. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Further, Plaintiff is correct in noting that she cannot sue the legislators who enacted the statute, as Defendants suggest, because the legislators are protected by legislative immunity. In this case, the Defendants Turner and Davies are the proper defendants for Plaintiff's constitutional challenge because they represent the agency that enforced the statute against Plaintiff. Accordingly, the Court will DENY Defendants' motion for summary judgment based on the grounds that they are not the proper parties to this action.

## CONCLUSION

For the foregoing reasons, the Court hereby 1) **GRANTS** Plaintiff's motion for class certification; 2) **GRANTS** Plaintiff's motion for summary judgment with respect to the constitutionality of § 4511.195; 3) **DENIES** Plaintiff's motion for summary judgment with respect to the defense of qualified immunity; 4) **GRANTS** Defendants' motion for summary judgment with respect to the defense of qualified immunity; 5) **DENIES** Defendants' motion for summary judgment on the grounds that Plaintiff's claims are moot; and 6) **DENIES** Defendants' motion for sum-

---

11. As the Court has just explained, Defendants' motion for summary judgment on Plaintiff's damages claims based on the qualified immunity of Defendant Turner is well-taken. Thus Plaintiff no longer has a viable damages claim.

12. Significantly, Defendants cite to no authority for this proposition.

mary judgment on the grounds that Defendants are not the proper parties.

**IT IS SO ORDERED.**