DOBERRER, APPELLEE, *v.* A. M. HARRIS INDUSTRIES, INC., APPELLANT.

(No. 11422—Decided May 10, 1971.)

*Mr. James R. Clark, Jr.,* for appellee.
*Mr. E. Paul McComas,* for appellant.

SHANNON, J. This is an appeal upon questions of law from a judgment of the Hamilton County Municipal Court.

In his petition, the plaintiff, appellee herein, asserted that he had been employed by the defendant, appellant herein, from October 1, 1966, to August 31, 1967, and that his employer was authorized to distribute a share of its profits to employees at the end of its fiscal year, but that he had not received his share. His suit was to recover $1,850 and was based on the ground that although he term-

inated his services to defendant prior to the close of the fiscal year, an officer of the corporation agreed that he would participate in the distribution. Defendant admitted that plaintiff had been employed as claimed, but denied all other allegations.

Upon trial, plaintiff called as if a witness on cross-examination the secretary-treasurer of defendant who, among other things, read the minutes of a meeting of corporation officers and directors held January 15, 1962, the pertinent part of which states:

"At this time the three officers voted to award 5% of the profits in addition. This 5% will be divided between the employees. This was done last year as a token of their good work, and after this meeting it will remain in force each year. In order for any employee to share in the bonus he must be working at end of our fiscal year."

Although, subsequently, the percentage amount to be distributed was increased, there is nothing in the evidence to show a change in the requirement that to share the bonus an employee must be working at the end of the fiscal year, that is, September 30th.

Unquestionably, plaintiff was paid a bonus each year prior to 1967. He testified that when he was offered employment by someone else at substantially higher pay, he discussed the termination of employment with the secretary-treasurer of defendant. Plaintiff claims, and defendant denies, that when he told his employer he was quitting, he was advised he would, nevertheless, be paid his bonus. He left the company's employ one month prior to the end of the fiscal year.

When the plaintiff rested his case in chief, the defense moved for a directed verdict on the ground that plaintiff voluntarily terminated his services prior to the end of the fiscal year, and the motion was overruled. Ultimately, the court, hearing the case without a jury, awarded judgment to plaintiff in the sum of $1,000.

Pursuant to a motion, the court stated "conclusions of fact found separately from the conclusions of law" and answered certain interrogatories. Of special significance are findings of fact that the corporation's secretary-treas-

urer had the authority to authorize a bonus and the amount thereof; that plaintiff knew that an employee not working at the end of the fiscal year would not be entitled to a bonus; that there was no evidence of deviation from the requirement; and that the corporation did not "induce, coerce or attempt to get plaintiff to resign or otherwise terminate his employment" prior to the end of the fiscal year. The court stated the "legal basis for its decision" as follows:

"Oral contract. Agreement to pay bonus when job was finished even if such date occurred before the fiscal year ended and plaintiff left employment."

The pervading assignment of error is that the court erred in determining that the secretary-treasurer of the corporation had the sole discretion to authorize a bonus.

Beyond cavil, a corporation speaks through its board of directors and its records, and the best evidence of a corporation's actions or authority conferred upon its officers or agents is the corporation's records. 12 Ohio Jurisprudence 2d 533, Corporations section 426.

R. C. 1701.92 (C) provides, in part:

"The original or a copy of the record of minutes of the * * * meetings * * * of the directors * * including any * * * agreement entered in such record * * * shall * * * be received in the courts as prima-facie evidence of the facts stated therein."

The truth of the record of the minutes of the meeting of the officers and directors of defendant was never questioned and, therefore, conclusively established the terms of the agreement pursuant to which employees were paid a bonus. There is a complete lack of evidence from which to conclude any other agreement or that any officer or agent had power or authority to alter such. The conclusion of the court below, then, that the secretary-treasurer of the corporation had discretion in the matter or was authorized to make an oral agreement contra to that spread upon the record of the minutes is unwarranted in law or fact and constituted error prejudicial to the defendant.

Where an employee is cognizant of the terms and conditions of an agreement by which his corporate employer

makes payment to him of a bonus, and there is no proof of fraud, such provisions as established by the record of the minutes of the corporation are binding upon the parties and the court. For analogous declarations, see *Gillen* v. *Kroger Grocery & Baking Co.*, 24 Ohio Law Abs. 689, and *Parish & Bingham Corporation* v. *Jackson*, 16 Ohio App. 51.

The motion made by defendant for a dismissal of the petition should have been granted. Therefore, what the trial court should have done will be done by this Court. The judgment for plaintiff is reversed and final judgment rendered for defendant.

*Judgment reversed.*

HESS, P. J., and YOUNG, J., concur.