McKELVEY, APPELLANT, *v.* SPITZER MOTOR CENTER, INC., APPELLEE.

(No. 52646—Decided
March 10, 1988.)

*F. David Resch,* for appellant.

*Ford & Harrison, D. Gerald Coker, Weston, Hurd, Fallon, Paisley & Howley* and *Gary W. Johnson,* for appellee.

NAHRA, C.J.   Plaintiff Timothy P. McKelvey appeals the decision of the common pleas court granting summary judgment in favor of defendant Spitzer Motor Center, Inc. and overruling his motion for summary judgment. The plaintiff filed a complaint against the defendant alleging that the defendant breached its contract to pay him a bonus for the year 1982.

McKelvey, an employee of a Spitzer dealership since 1968, was the general manager of defendant Spitzer Motor Center, Inc. during 1982. In December 1982, he informed the defendant of his intention to terminate his employment. He concluded his employment with the defendant on February 10, 1983. For the year ending December 31, 1982, the plaintiff was eligible to participate in the defendant's Annual Net Profit Pool Bonus Program which provided bonus amounts based upon a percentage of the annual net profit of Spitzer Motor Center, Inc. The net profit was to be determined upon completion of the annual audit after the close of the year. The provisions of the bonus program were included on the monthly "Profit Pool Computation" which provided in relevant part:

"Profit pool bonus accrued will be paid upon completion of year end audit.

"* * *

"An employee must be a member of the Spitzer Organization at completion of audit to receive any accrued bonus, otherwise bonus accrual will be added back to profit."

The bonus plan did not set a specific date for completion of the audit. The defendant completed its audit of the year ending December 31, 1982 on March 10, 1983.

The defendant admitted that the plaintiff was a participant in the program in 1982 and admitted that Spitzer Motor Center's net profit for 1982 for the purpose of calculating bonus payments was $243,381.22, but denied that McKelvey was qualified to receive any bonus for 1982.

Both parties filed motions for summary judgment. The plaintiff claimed that as he had continued employment with the defendant corporation throughout 1982 he had accepted the defendant's offer to enter into a unilateral contract and that the defendant's failure to pay him the 1982 bonus was a breach of that contract. The defendant argued that the plaintiff failed to meet all the conditions of the bonus plan by voluntarily terminating his employment with the defendant prior to completion of the annual audit for 1982.

Summary judgment was granted in favor of the defendant. The plaintiff timely appealed, raising the following assignments of error:

"1.  The trial court erred in sustaining appellee's motion for summary judgment because appellee is not entitled to judgment as a matter of law.

"2.  The trial court erred in overruling appellant's motion for summary judgment and dismissing appellant's complaint because, there being no material facts in dispute and construing those facts most favorably to appellee, appellant was entitled to summary judgment as a matter of law."

We will address these assigned errors together.

The appellant argues that the material facts in this case are not in dispute and that, in construing the evidence most favorably to the appellee, he was entitled to summary judgment as a matter of law.

A summary judgment may be granted if the court finds that, upon construing the evidence most strongly in favor of the party against whom the motion is made, there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Civ. R. 56; *Dupler* v. *Mansfield Journal Co.* (1980), 64 Ohio St. 2d 116, 18 O.O. 3d 354, 413 N.E. 2d 1187.

Both parties agree that the material facts in this case are not in dispute. During 1982 the appellant was a participant in a bonus plan that provided for additional employee compensation based upon the results of a year-end audit; the appellant was employed for the entire year in question, voluntarily terminating his employment on February 10, 1983; the appellee denied the appellant compensation under the plan on the basis of the clause that provided that an employee must be employed with the appellee at the completion of the audit, which was finalized on March 10, 1983.

Ohio courts have recognized that an employee bonus plan by which the employer offers to pay a bonus based upon the company's annual net profit gives rise to a contractual obligation on the part of the employer. *Montgomery Ward & Co.* v. *Smith* (App. 1931), 12 Ohio Law Abs. 28; *Parish & Bingham Corp.* v. *Jackson* (1921), 16 Ohio App. 51. The employer's offer to share profits in consideration of the employee's remaining in the employment and rendering service for a specified time creates a unilateral contract binding upon the employer. Such a plan benefits the employer by acting as an inducement to continuous service on the part of his employees.

In the instant case, the plan stated that to receive a share of the 1982 profits the employee had to continue his employment until the completion of the annual audit, which for 1982 was finalized on March 10, 1983. In effect, the company's position was that the employee forfeited his accrued bonus if he left his employment prior to that time. By this provision, an employee who had worked the entire year of 1982 would not benefit from the 1982 profits unless he continued to work in 1983 until the audit was completed. He then would not benefit from the plan for the time worked in 1983 unless he continued service in 1984 until the completion of that audit. This provision, in effect, acted as a penalty for failure to remain with the company into the next year even though an entire year's service had been rendered upon which the bonus was based. In this case a significant portion of total compensation earned by the employee over a twelve-month period was lost based solely on the fortuitous timing of the completion of the audit procedures, which procedures could in no way alter the profit or bonus actually earned. It is well-established that forfeiture is not favored in the law. 18 Ohio Jurisprudence 3d (1980) 62, Contracts, Section 169. Given the facts of this case, we find that equitable considerations require the denial of a forfeiture.

Although the facts in *Montgomery Ward & Co.* v. *Smith, supra,* are different, there the bonus plan providing that an employee was not entitled to a bonus if he quit the company "regardless of the date of such termination of employment," we agree with the reasoning of the court that once an employee has completed his services for the year and there was a net profit, as provided by the bonus plan, that an employee is entitled to the bonus, ir-

respective of the date when the employer decided to make the bonus payable.

For the foregoing reasons, we find that the trial court erred in granting summary judgment in favor of the appellee and that, as a matter of law, summary judgment should have been granted in favor of the appellant.

The appellant's assignments of error have merit.

*Judgment reversed.*

MASCHARI, J., concurs.

MARTIN, J., dissents.

ANN B. MASCHARI, J., of the Erie County Court of Common Pleas, and JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.

MARTIN, J., dissenting. I am constrained to respectfully dissent in this matter.

The majority in this case bases its reversal on a legal theory which was neither briefed nor presented to the court, and on which the appellee had no chance to be heard, that being grounds of forfeiture.

At the very least this writer would retain the case for further briefing and argument so that this issue may be fully presented to the court by both sides.

It would further appear to the court that the appellant in this case had over six years of employment experience with the appellee and was familiar with the bonus plan and fully informed as to the terms of that plan and as to the necessity of working up to and through the time of the company audit. His resignation from his employment four weeks prior to the normal time of the audit was knowing and was voluntary.

Such conduct on the part of the appellant is the equivalent of a waiver of his rights or an abandonment, but does not constitute a forfeiture.

Under the terms of the bonus plan an employee will have to work for approximately fifteen months in order to be awarded a year's bonus, that is for the year prior to termination. Such a contractual provision, while perhaps not entirely equitable, is not so unconscionable or harsh as to require a court to rewrite such a bonus plan contrary to the intentions and expectations of the parties.

Accordingly, I would sustain the decision of the trial court and enter judgment in accordance with that court's decision.