DECISION AND JOURNAL ENTRY
This is an action in quo warranto filed by Relator Betty D. Montgomery, Attorney General of the state of Ohio, against Respondents Richard Smith, Abraham Wright, Mae Dobbins, and Ferris Brown.[1]
Relator claims that Respondents are not duly appointed trustees of the Barberton Rescue Mission, Inc. ("Mission"), and requests this Court to issue an immediate writ of quo warranto removing Respondents from the Board of the Mission.
Relator has filed a motion for summary judgment, arguing there is no genuine issue of material fact to be litigated, and that as a matter of law Relator is entitled to have these Respondents removed as trustees of the Mission. Respondents have opposed the motion and have filed a cross-motion for summary judgment. This Court grants Relator's motion, denies Respondents' cross-motion for summary judgment, and orders a writ of quo warranto removing Respondents as members, trustees, and Board members of the Mission.
 I.
This litigation centers around a December 11, 2000 telephone conference. It was during this conference that two of the Mission's trustees, Reverend Howard Russell and Richard Lupton, were voted "removed" as trustees of the Board, and Respondents were elected to the Board. Relator has filed the present action in quo warranto to remove Respondents from the Board, arguing that Respondents unlawfully hold their positions because the meeting at which they were elected was not a proper Board meeting. Relator has filed a motion for summary judgment on the ground that there is no genuine issue of material fact to be litigated because the evidence demonstrates that the December 11, 2000 meeting was not proper. Respondents have opposed the motion, and have filed a cross-motion for summary judgment.
 II.
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
Relator has argued that she is entitled to summary judgment as a matter of law on her quo warranto action because the evidence establishes that (1) she is authorized to bring such an action under R.C. 2733.01 etseq., and that (2) Respondents unlawfully hold their positions as trustees. Relator has asserted that Respondents unlawfully hold their positions because they were elected at a meeting which was not a proper Board meeting. Relator has argued that the meeting was not proper because (1) there was no quorum, and (2) the meeting had not been properly noticed.
Relator has argued that whether there was a quorum at the meeting depends on the status of one man — Daniel Beers. Daniel Beers was one of the participants and voters during the December 11, 2000 meeting. Relator has asserted that Daniel Beers was not a trustee on December 11, 2000, and therefore there was not a quorum of the trustees at the meeting and any actions taken at that meeting are void. Respondents have conceded that if there was not a quorum at the December 11, 2000 meeting, then the meeting was not a proper Board meeting, and that if Daniel Beers was not a Board member on December 11, 2000, then there was not a quorum of the trustees present. Respondents have contended, however, that Daniel Beers was a Board trustee.
In support, Relator has attached the affidavit of Rev. Howard Russell. In his affidavit, Russell swears that Daniel Beers "unconditionally resigned from the Board of Tustees in May, 2000[.]" Respondents have countered saying that Relator cannot rely upon Russell's affidavit because Russell, having been voted out of the Mission during the meeting in question, is "clearly biased." Respondents have further asserted that summary judgment should be granted in their favor because "the only evidence that is admissible to establish the facts in this case [is] the corporate minutes[,]" and "[t]he corporate minutes simply do not show that Dan Beers resigned as a Trustee prior to December 27th, 2000." Respondents have cited Doberrer v. A.M. Harris Indus., Inc. (1971),28 Ohio App.2d 71, for the proposition that corporate minutes "shall be received in the courts as prima-facie evidence of the facts stated therein[,]" and have attached a copy of the corporate minutes from the May 2000 meeting. Respondents point to the fact that the May 2000 minutes do not indicate that Daniel Beers resigned. We note the incongruity in relying upon a case for the proposition "of the facts stated therein" where there are no facts stated therein.
In her response to Respondents' summary judgment motion, Relator has attached copies of the corporate minutes from May, August, and September 2000. To authenticate the minutes, Relator has filed the affidavit of Richard Lupton, in which Lupton swears that he has been Secretary of the Board since November 1999, and that as Secretary, he is custodian of the corporate proceedings. Lupton further attests that he "did not memorialize Mr. Beers' resignation in the minutes of the May, 2000, meeting, because Mr. Beers tendered his resignation to the Chairman of the Board outside the actual Board meetings that occurred in May of 2000." Lupton declares, however, that Dan Beers "unconditionally resigned from the Board of Trustees in May, 2000[.]"
As noted by Respondents and acknowledged by Relator, the May 2000 corporate minutes do not indicate that Daniel Beers resigned. However, the minutes of the Board meetings dated August 22-23, 2000, state: "Dan Beers was also present but did not have voting privileges." The September 18-20, 2000 minutes memorialized the following:
 Dan Beers inquired as to his status with regard to his Board membership since he is no longer the Executive Director of CBN [the Christian Brotherhood Newsletter]. He was advised that his prior resignation from the Board of Trustees had been accepted and he no longer held a Trustee position.
* * *
 Chairman Russell explained how Dan Beers systematically failed to follow through on things he had promised to do.
 Concern was expressed that the Board give Dan Beers and Jeff Beers Christian respect when we meet with them.
(Emphasis and alteration added.)
This Court finds, after a thorough review of the evidence, that reasonable minds can only conclude that Daniel Beers was not a member, a trustee, or a Board member of the Mission on December 11, 2000.[2]
Therefore, a quorum was not present and the meeting was invalid. Because the meeting was invalid, any and all actions taken at that meeting are void. Thus, Respondents' positions as members, trustees, and Board members of the Mission are void as a matter of law. Accordingly, any actions of the Board taken or purportedly taken subsequent to December 11, 2000, that are or were dependent upon the presence and or vote of Richard Smith, Abraham Wright, Mae Dobbins, or Ferris Brown, are accordingly void.
Because our disposition of the foregoing argument is dispositive, we disregard any additional arguments.
 III.
In accordance with the foregoing, this Court orders the following:
Relator's motion for summary judgment is granted.
Respondents' summary judgment motion is denied.
Relator's motion for a writ of quo warranto is granted.
Respondents Abraham Wright, Mae Dobbins, Ferris Brown, and Richard Smith are hereby removed as members, trustees, and Board members of the Barberton Rescue Mission, Inc.
Relator's motion for attorneys' fees and costs is denied.
Costs taxed to Respondents.
BATCHELDER, P.J., BAIRD, J. CONCUR
[1] This action originally included the Barberton Rescue Mission, Inc., Howard Russell, and Richard Lupton as Relators, and Bruce Hawthorn, Ronald S. Beers, and Daniel J. Beers as Respondents. However, on February 23, 2001, this Court dismissed all claims except the instant claim.
[2] See Section 7.5 of the Code of Regulations of the Barberton Rescue Mission, Inc.: "Trustees shall constitute the entire membership of the corporation."