**BENNETT et al.**

v.

**FIRSTENERGY CORPORATION et al.**

2002-Ohio-2745.]

Court of Common Pleas of Ohio,
Cuyahoga County.

No. 392971.

Decided Feb. 26, 2002.

Hardiman, Buchanan, Howland & Trivers and James Hardiman; Pitt, Dowty, McGehee & Mirer, P.C., Michael L. Pitt and Peggy Goldberg Pitt, for plaintiffs.

Kastner, Westman & Wilkins, LLC, Dean E. Westman and Lisa A. Kainec; Gary D. Benz, FirstEnergy Corp.; Akin, Gump, Strauss, Hauer & Feld, LLP, and Paul E. Mirengoff, for defendants.

ANN T. MENNEN, Judge.

{¶ 1} This matter comes before this court on Plaintiffs' Motion for Class Certification, Defendants' Motion to Strike Twelve Affidavits Submitted by Plaintiffs as Exhibits, Plaintiffs' Motion to Substitute Deposition Transcripts in Lieu of Affidavits Previously Filed, and their responsive briefs, exhibits, and declarations filed by both plaintiffs and defendants in support of their respective briefs. This court, having considered all of the facts and evidence presented, hereby grants Defendants' Motion to Strike, denies Plaintiffs' Motion to Substitute Deposition Transcripts, and denies Plaintiffs' Motion for Class Certification for failure of plaintiffs to satisfy all of the requirements of Ohio Civ.R. 23.

## I. FACTS[1]

{¶ 2} This case arises from a June 1998 reduction-in-force ("RIF") of 470 bargaining unit employees by defendant FirstEnergy Corp. as a result of a merger of operations of Ohio Edison and Centerior. This merger caused reorganization through a process called "benchmarking" in the Northern Region, whereby the staffing level of the former Centerior workforce was brought into line, on a per-customer basis, with staffing levels in the more efficient regions of the company. Defendants' Brief in Opp. to Cert. at 6. This "benchmarking" approach determined which job classifications would be eliminated or reduced. Id.

{¶ 3} Employees were slated for layoff according to seniority. Id. An employee chosen for layoff was given the opportunity to "bump" less senior employees under certain circumstances. Id. at 8–9. The defendants used seniority-bumping rules from the defendants' last-offered collective bargaining

---

1. The facts of the case are given in detail in Plaintiffs' Brief in Support of Motion for Class Certification at 1–12 and Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification at 6–14. Therefore, this court will not give exhaustive details in this opinion as to the facts of this case.

contract. Defendants' Brief in Opp. to Cert. at 7–8.[2] The bumping rules were (1) employees with more than eighteen months seniority could bump less senior employees occupying the lowest available job in other lines of promotion at their location; (2) employees with more than ten years seniority could, if qualified, bump employees with less than ten years seniority in any available job at their location; and (3) those employees with more than ten years seniority could, if qualified, bump employees with less than five years seniority in any available job at any location. Defendants' Brief in Opp. to Cert. at 8.

{¶ 4}   Management told employees at bump meetings that the employee must show that he or she was qualified to bump into a listed position. Plaintiffs' Brief in Support of Cert. at 4. "Qualification" was defined as the employee having previously been classified in the position and/or currently held the necessary certifications and licenses. Id. Some of the positions offered required the employee to pass a test.[3] Employees were deemed qualified for other positions (not requiring test passage) if they had performed a related but more complex job. Defendants' Brief in Opp. at 10. In those instances, employees were not permitted to bump a less senior employee in a higher job classification. Id. Sufficiently qualified senior employees were offered the opportunity to bump into available positions in June 1998. Id. at 12. Due to the bumping process and RIF, 470 bargaining unit employees were laid off in June 1998. Id. at 1.[4]

{¶ 5}   Sixteen plaintiffs commenced this action on October 6, 1999, individually and as representatives of all similarly situated former employees of FirstEnergy and alleged age and disability discrimination violations. Complaint at paragraph 137; Plaintiffs' Brief in Support of Cert. at 9. Plaintiffs bring this class action on behalf of 120 current and former employees of defendant FirstEnergy. Plaintiffs' Brief in Support of Cert. at 36.

---

**2.**   Plaintiffs and defendants extensively discuss the management's implementation of the collective bargaining contract in their respective briefs. Local 270 of the Utility Workers Union of America ("Local 270") brought unfair labor charges against defendants with the National Labor Relations Board, which were ultimately settled. See Plaintiffs' Brief in Support of Cert. at 1–8; Defendants' Brief in Opp. to Cert. at 7–9. Charges were also filed under the ADEA and ADA by several of the named representatives with the EEOC, Cleveland District Office, and are, by this court, presumed to be pending. Plaintiffs' Brief in Support of Cert. at 7–8.

**3.**   Certain positions at the Perry nuclear plant required employees to pass a standardized test. Plaintiffs have not specifically challenged this test. Plaintiffs challenge defendants' use "of qualifications test and test procedures which were discriminatory toward its older employees." Plaintiffs' Brief in Support of Cert. at 13. Plaintiffs specifically argue that the MRAB (meter reading test) has a disparate impact on older employees taking the test. Id. at 18–20.

**4.**   After settlement of the NLRB claims, some eligible laid-off employees took a voluntary retirement plan or accepted a severance package and executed waiver of claims against FirstEnergy. Plaintiffs' Brief in Support of Cert. at 6–7.

## II. PROCEDURAL MOTIONS

{¶ 6}   Before this court can rule upon the merits of the class action, it must first address Defendants' Motion to Strike Affidavits and Plaintiffs' Motion to Substitute Deposition Transcripts in Lieu of Affidavits.

### A. MOTION TO STRIKE AFFIDAVITS

[¶ 7]   Defendants move this court to strike the affidavits of Gary A. Ward, Eugene D. Morrison, Murphy Ball, Jr., Nick Anthony Ranallo, Lee George Vollman, Charles McQueen, Donald Edward Nemec, Robert Paul Kogut, Nelson D. Rowan, Rosemary Alexander, David A. Fritz, and Carol F. Griffith.   Defendants argue that these twelve affidavits are in one of three categories: (1) they are unsigned; (2) they contain material statements that are false based upon deposition testimony; or (3) they contain statements not based on the personal knowledge of the affiant.   Defendants' Brief in Opp. at 1. Plaintiffs have not filed a response to Defendants' Motion to Strike.[5]

[¶ 8]   The subject affidavits are all exhibits filed on November 13, 2000, by the plaintiffs in support of their Motion for Class Certification.   See Docket Entries Numbered 40 and 41 for case CV 392971.   Plaintiffs also filed twenty-eight deposition transcripts on November 13, 2000, in two volumes.[6]   See Docket Entries Numbered 42 and 43 for case CV 392971.   This court will address all of defendants' arguments.

[¶ 9]   In their Motion to Strike, defendants argue that five of the affidavits were submitted to the court unsigned.   They are the affidavits of Murphy Ball, Jr. (Exh. to Plaintiffs' Brief in Support of Cert. at 32), Eugene D. Morrison (Exh. to Plaintiffs' Brief in Support of Cert. at 37), Gary D. Ward (Exh. to Plaintiffs' Brief in Support of Cert. at 46), David A. Fritz (Exh. to Plaintiffs' Brief in Support of Cert. at 63), and Carol F. Griffith (Exh. to Plaintiffs' Brief in Support of Cert. at 63).   An unsigned affidavit is not a certified sworn statement and does not constitute a valid form of testimony.   *Graves v. Van Buskirk* (Feb. 20, 1991), Summit App. No. 14785, 1991 WL 21545.   This court may not consider the unsigned affidavits in deciding the class certification issue.   Plaintiffs never attempted to substitute the original signed affidavits to this court.   Therefore, Defendants' Motion to Strike the Affidavits of Murphy Ball, Jr., Eugene D.

---

5.   Although unopposed, this court must still address the merits of Defendants' Motion to Strike Affidavits.   Accord *Garretson v. S.D. Myers, Inc.* (1991), 72 Ohio App.3d 785, 596 N.E.2d 512 (summary judgment improperly granted based solely on the failure of the nonmoving party to respond to it).

6.   Named plaintiff Carol F. Griffith is the only affiant whose deposition transcript was filed by plaintiffs on November 13, 2000.

Morrison, Gary D. Ward, David A. Fritz, and Carol F. Griffith is granted. These five unsigned affidavits are stricken from the record.

[¶ 10]   Defendants argue that nine of the twelve affidavits contain false and inaccurate statements, two of the twelve affiants testified in depositions that the affidavits submitted to the court were not the versions signed and returned to plaintiffs' counsel, and five of the twelve affiants testified in depositions that they lacked personal knowledge as to material statements in their affidavits. In addressing the remaining bases for the Defendants' Motion to Strike, this court will speak only to the seven remaining (signed) subject affidavits, i.e., those of affiants Ranallo, Vollman, McQueen, Nemec, Kogut, Rowan, and Alexander. A detailed comparison by this court of the seven affidavits that were signed to the respective deposition testimony reveals that all of defendants' allegations and arguments are correct. These affiants admitted in their depositions that the versions they signed were either different from the versions submitted to the court and/or that they lacked personal knowledge.

[¶ 11]   Ohio Evidence Rule 602 prohibits a witness from testifying on a subject "unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." This court may not consider affidavits lacking personal knowledge of the facts set forth in them. *Podany v. Real Estate Mtge. Corp. Escrow Co.* (Dec. 16, 1999), Cuyahoga App. No. 75307, 1999 WL 1204849. This court may also not consider affidavits containing statements that the affiant denies to be truthful. Therefore, this court grants Defendants' Motion to Strike, and the affidavits of Nick Anthony Ranallo, Lee George Vollman, Charles McQueen, Donald Edward Nemec, Robert Paul Kogut, Nelson D. Rowan, and Rosemary Alexander are hereby stricken from the record.

### B.   MOTION TO SUBSTITUTE DEPOSITION TRANSCRIPTS

[¶ 12]   Plaintiffs move this court to substitute the deposition transcripts of 18 deponents in lieu of affidavits previously submitted to this court and in further support of their Motion to Certify as Class Action. For the following reasons, Plaintiffs' Motion to Substitute is denied.

[¶ 13]   After a thorough review of Plaintiffs' Motion and Brief, this court surmises that plaintiffs argue that the deposition transcripts are the best evidence of the affiants' testimony. Plaintiffs' Motion to Substitute at 2. Plaintiffs also state that they will secure and file with the court the signed affidavit of proposed class representative Carol Griffith.[7] Plaintiffs' Brief in Support of Substitution at 2.

---

**7.**  This court must point out that plaintiffs have never filed for leave to submit an executed affidavit from proposed class representative Griffith.

[¶ 14] The only argument this court can find to support plaintiffs' position is in the declaration of attorney Michael L. Pitt, which is attached to Plaintiffs' Brief in Support of Substitution. Attorney Pitt argues that attorney Howland's untimely death in December 2000 somehow caused problems with the affidavits because attorney Howland was responsible for the affidavits. Declaration of Michael L. Pitt at paragraph 7.

[¶ 15] Defendants argue that should this court permit substitution of the deposition testimony, it will prejudice them. Defendants further argue that they will need to additionally brief the issue in order to address plaintiffs' arguments presented in their motion. This court agrees that if it permitted substitution of the deposition transcripts, it must also permit defendants an opportunity to respond. However, defendants originally raised the issue of the deposition transcripts through their motion to strike. Defendants also relied on *Podany* to urge this court to consider the deposition transcripts when striking the plaintiffs' twelve affidavits.

[¶ 16] Given the circumstances, the court finds that barring the substitution of the deposition transcripts does not prejudice plaintiffs. The court must rely on the twelve deposition transcripts of the stricken affidavits. However, the court will not permit plaintiffs to present additional deposition transcripts at this juncture in the proceedings to support Plaintiffs' Motion to Certify as a Class Action. The court is not addressing the merits of plaintiffs' discrimination claims but is directing its analysis and ruling only as to whether the case will proceed as a class action. For all of the above reasons, Plaintiffs' Motion to Substitute Deposition Transcripts is denied.

## III. CLASS ACTION

[¶ 17] Plaintiffs move this court pursuant to Ohio Civ.R. 23 to certify this case as a class action based upon defendants' discriminatory employment practices in the June 1998 RIF. Plaintiffs proposed class consists of "all current or former hourly employees of [FirstEnergy] employees in the Northern Region and who are or were members of Local 270 and, (2) 40 years of age or older as of September 30, 2000,[8] or (3) meet the definition of a disability or are regarded by [FirstEnergy] as having such a disability, and (4) [were] adversely affected by the layoff (i.e., denial of transfer or recall) and, (5) did not execute a valid release of

---

8. Plaintiffs argue that their cutoff date of September 30, 2000, was chosen because an individual who was 38 years old when laid off but denied a recall opportunity after turning 40 would be a potential class member. Plaintiffs' Brief in Support of Cert. at 34, fn. 12. Plaintiffs further argue that no class members are listed who were not 40 years old as of June, 1998. Id. Defendants state that this argument fails as a matter of discrimination law. Defendants' Brief in Opp. to Cert. at 19–20.

claims against [FirstEnergy]." (Footnote omitted.) Plaintiffs' Brief in Support of Cert. at 34–35.

[¶ 18]  Plaintiffs propose eleven class representatives to challenge defendants' employment practices. Plaintiffs' Brief in Support of Cert. at 40–42.

■ [¶ 19]  The seven requirements for an action to be maintained as a class action under Civil Rule 23 are "an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 71, 694 N.E.2d 442.

[¶ 20]  This court is required to "carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Id. at 70, 694 N.E.2d 442.

## A.  NUMEROSITY

■ [¶ 21]  Civ.R. 23(A)(1) requires the plaintiffs to prove that "the class is so numerous that joinder of all members is impracticable." Civ.R. 23(A)(1). The Ohio Supreme Court stated that "if the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule." *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 97, 521 N.E.2d 1091. Subclasses are permitted under the Civil Rules. Civ.R. 23(C)(4)(b). Because this case deals with at least 120 individuals, this court deems the numerosity element satisfied. *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091.[9]

## B.  CLASS MEMBERSHIP

■ [¶ 22]  Under this requirement, plaintiffs must prove that the class representatives have standing to sue. *Hamilton*, 82 Ohio St.3d at 74, 694 N.E.2d 442. Plaintiffs must prove they suffered the same injury or possess the same

---

9.  Defendants argue that plaintiffs' subclasses fail under the numerosity requirement because each subclass must independently satisfy the numerosity requirement. Defendants' Brief in Opp. to Cert. at 46, fn. 16. This court will not address the subclass argument because Plaintiffs' Motion to Certify fails under other requirements. However, this court notes that bifurcation of plaintiffs' age and disability discrimination claims would be appropriate.

interests as all of the class members. Id. All of the proposed class representatives have standing to sue because their alleged injury arises from defendants' June 1998 RIF implementation. This court finds that plaintiffs have satisfied this requirement.

## C. IDENTIFIABLE CLASS

[¶ 23] The Ohio Supreme Court has held that the "class definition must be precise enough 'to permit identification within a reasonable effort.'" Id. at 72, 694 N.E.2d 442, citing *Warner*, 36 Ohio St.3d at 96, 521 N.E.2d 1091. Plaintiffs proposed class is "all current or former hourly employees of [FirstEnergy] employees in the Northern Region and who are or were members of Local 270 and, (2) 40 years of age or older as of September 30, 2000, or (3) meet the definition of a disability or are regarded by [FirstEnergy] as having such a disability, and (4) [were] adversely affected by the layoff (i.e., denial of transfer or recall) and, (5) did not execute a valid release of claims against [FirstEnergy]." Plaintiffs' Brief in Support of Cert. at 34–35.

[¶ 24] Plaintiffs seek to include all individuals affected by the June 1998 RIF. Since the RIF was implemented by the end of June 1998, the appropriate age cutoff date should be June 30, 1998, and not September 30, 2000. This court may correct this element of plaintiffs' proposed class.[10] Therefore, this court modifies the plaintiffs' proposed class definition by changing the second element to be 40 years of age or older as of June 30, 1998.

[¶ 25] Plaintiffs argue an ongoing cause of action. Plaintiffs' Brief in Support of Cert. at 34, fn. 12. They allege discrimination in the recall of the laid-off employees. Id. at 37. However, the class is precise enough under Ohio law to meet the identifiable class requirement for a class action. All of the proposed class members claim some protected status and were adversely affected by the RIF implementation. Therefore, plaintiffs have satisfied this requirement.

## D. COMMONALITY

[¶ 26] Plaintiffs must prove that there are questions of law or fact common to the class. Civ.R. 23(A)(2). Courts are generally to give this requirement a permissive application. *Hamilton*, 82 Ohio St.3d at 77, 694 N.E.2d 442. This requirement has been interpreted to mean a common nucleus of operative facts or a common liability issue in the case. Id.

---

10. See, generally, *Warner*, 36 Ohio St.3d at 94, 521 N.E.2d 1091 (Ohio Supreme Court orders trial court to modify the class consistent with its opinion.)

[¶ 27] In this case, plaintiffs allege both age and disability discrimination by defendant FirstEnergy in its June 1998 RIF. Even if this court was to bifurcate plaintiffs' claims into subclasses,[11] common questions of law and fact do not exist. Plaintiffs' claims rely specifically on their individual circumstances under the RIF process. Each claim must be looked at on a case-by-case basis to determine liability. Plaintiffs raise the argument in their own brief how different supervisors told various employees dissimilar versions of what was needed to qualify for the bumping process. Plaintiffs' Brief in Support of Cert. at 16–18. *Ilhardt v. A.O. Smith Corp.* (S.D.Ohio 1996), 168 F.R.D. 613 (commonality not satisfied when issues had to be resolved on a case-by-case basis; what individual plaintiff knew or was told, or what was warranted by defendants would vary). See, also, *Schmidt v. Avco Corp.* (1984) 15 Ohio App.3d 81, 15 OBR 111, 472 N.E.2d 721 (denial of class certification upheld where [1] the ability of the representative plaintiffs to fairly and adequately protect the interests of all members of the class is questioned; [2] multiple subclasses are proposed; and [3] complex individual issues predominate, including computation of damages, and determination of individuals' knowledge and reliance for purposes of establishing estoppel).

[¶ 28] Since what the individual class members were told by their supervisors vary, and because each individual class member's qualifications depends upon their particular work history and background, this court finds that plaintiffs have not satisfied the commonality requirement to sustain a class action.

## E. TYPICALITY

[¶ 29] Plaintiffs must prove that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Civ.R. 23(A)(3). This requirement is satisfied when there is no express conflict between the representatives and the class. *Warner*, 36 Ohio St.3d at 98, 521 N.E.2d 1091. Typicality ensures that the class representatives will adequately represent members of the class because it requires the claims and defenses of the representative to be sufficiently similar to those of the putative class members. *Putnam v. Davies* (S.D.Ohio 1996), 169 F.R.D. 89.

[¶ 30] In this case, there are clear conflicts within the proposed class that extend to the heart of plaintiffs' claims against defendants. There would inevitably be factual differences between the members' various claims. For example, plaintiffs dispute the validity of the meter reader tests and testing procedures as they relate to older workers who failed the tests. Plaintiffs' Brief

---

11. When discussing the problems that arise from managing a multitude of claims, the Ohio Supreme Court stated that the "policy behind a class action lawsuit is to *simplify* the resolution of complex litigation, not complicate it." (Emphasis sic.) *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091.

in Support of Cert. at 18–20. However, a conflict arises between class members. The conflict is that those older workers who failed the tests will need to argue that the test was invalid while the older workers who passed the tests will need to demonstrate that the test was valid and they were qualified for the positions they took. See, generally, Plaintiffs' Brief in Support of Cert. at 23–26; Defendants' Brief in Opp. to Cert. at 33–35. Therefore, the class members argue conflicting sides of the test validity issue.

[¶ 31] Another conflict arises where plaintiffs argue that the defendants discriminated in defining the qualifications for transfer opportunities. Plaintiffs' Brief in Support of Cert. at 26–28. For example, some stock handlers argue that other employees were offered jobs for which they were not qualified, thereby bumping them from their stock-handler position. However, mechanics that would conceivably bump a stock handler argue that they were qualified to bump those stock handlers but were never given the opportunity to bump.[12] Other than arguing a general claim of discrimination, this court finds too many conflicts exist within the claims and defenses of the proposed class to meet the typicality requirement. Plaintiffs therefore do not satisfy this requirement.

## F. ADEQUACY

[¶ 32] Civ.R. 23(A)(4) requires the representative parties to fairly and adequately protect the interests of the class. Civ.R. 23(A)(4). This inquiry is divided into two categories: the adequacy of the representatives and the adequacy of counsel. *Warner*, 36 Ohio St.3d at 98, 521 N.E.2d 1091.

[¶ 33] A class representative's interest must not be antagonistic to the interest of other class members. *Hamilton*, 82 Ohio St.3d at 78, 694 N.E.2d 442. These interests are antagonistic if "the relief sought by the representative parties cannot be thought to be what is desired by other members of the class." *In re Kroger Co. Shareholders Litigation* (1990), 70 Ohio App.3d 52, 64, 590 N.E.2d 391. This court must decide whether representative plaintiffs have common interests with the other unnamed members of the class, and whether those plaintiffs will "vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.* (C.A.6, 1976), 532 F.2d 511, 525. This court previously found that the representative plaintiffs' claims are not common to the claims of the proposed class. Based upon the lack of commonality, this court finds that the representative plaintiffs would not adequately represent the interests of the other members of the class. Therefore, plaintiffs fail to satisfy the adequacy of representation requirement.

---

12. Defendants extensively argue this point as it pertains to the mechanics and stock-handler positions. Defendants' Brief in Opp. to Cert. at 37–38.

[¶ 34]  As to the second prong of the adequacy requirement, adequacy of counsel, this court further finds that plaintiffs fail to satisfy the requirement. The Ohio Supreme Court states, "the issue of whether counsel is competent to handle the action can be the most difficult in the Rule 23 analysis." *Warner*, 36 Ohio St.3d at 98, 521 N.E.2d 1091.  The court went on to state that "although this task may be most unpleasant, it is one of the most vital." Id.  Such an inquiry calls for close scrutiny of counsel's qualifications to handle the case.  Id.

[¶ 35]  Although plaintiffs' counsel state that they are qualified to prosecute this case, this court finds it abhorrent that plaintiffs' counsel attempt to blame the untimely death of a co-counsel for the questionable behavior that occurred with respect to the supporting affidavits.  It is necessary to point out that five of the affidavits submitted to the court were unsigned.  In addition, very questionable behavior occurred when plaintiffs' counsel submitted affidavits that were not the same versions signed by the affiants.  This activity seriously calls into question the qualifications of counsel to handle a potential class action.  Therefore, this court finds that plaintiffs failed the adequacy of counsel requirement.

## G.  PREDOMINANCE

[¶ 36]  In addition to the preceding requirements, plaintiffs must prove that the case satisfies one of the Civ.R. 23(B) requirements for class certification. Id. at 94, 521 N.E.2d 1091.  Plaintiffs argue that the case meets the requirements of both Civ.R. 23(B)(2) and 23(B)(3).  This court disagrees for the following reasons.

[¶ 37]  The primary focus of a Civ.R. 23(B)(2) class action is injunctive relief. Civ.R. 23(B)(2); *Warner*, 36 Ohio St.3d at 95, 521 N.E.2d 1091.  Because the defendants offered reinstatement to everyone laid off during the June 1998 RIF, and the union and defendants have entered into a new labor contract under the settlement of the NRLB claims,[13] this court does not need to address plaintiffs' demand for injunctive relief.  These issues have become moot.  In addition, based upon the nature of plaintiffs' claims, this court has determined that the predominant form of relief sought is monetary.[14]  Therefore, an analysis of Civ.R. 23(B)(3) is appropriate.

[¶ 38]  Civ.R. 23(B)(3) requires the court to find that questions of law or fact common to the members of the class predominate over questions affecting individual members.  Civ.R. 23(B)(3).  This means:

---

**13.**  See Plaintiffs' Brief in Support of Cert. at 6–7;  Defendants' Brief in Opp. to Cert. at 50.

**14.**  Plaintiffs argue a need for an oral hearing on this matter.  However, based upon the parties' extensive briefing and the court's familiarity with the facts of this case, this court finds no need for further arguments, oral or written.

**■** [¶ 39] For common questions of law or fact to predominate, it is not sufficient that such questions merely exist; rather, they must represent a significant aspect of the case. Furthermore, they must be capable of resolution for all members in a single adjudication. *Schmidt*, 15 Ohio St.3d at 313, 15 OBR 439, 473 N.E.2d 822.

[¶ 40] The only common question that applies in this case is whether the defendants' implementation of the June 1998 RIF was discriminatory. However, this court has previously found commonality to be lacking. Each claim must be looked at on a case-by-case basis to determine liability. Questions of fact unique to each individual class member predominate over the questions of fact relating to the class as a whole. Therefore, mini-trials on liability are unavoidable. Based upon all of the foregoing, this court concludes that plaintiffs do not satisfy the predominance requirement.

## H. SUPERIORITY

**■** [¶ 41] Civ.R. 23(B)(3) also requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. Civ.R. 23(B)(3). The Ohio Supreme Court has held this to mean "whether the efficiency and economy of common adjudication outweigh the difficulties and complexity of individual treatment of class members' claims." *Warner*, 36 Ohio St.3d at 96, 521 N.E.2d 1091.

[¶ 42] Although this case deals with the treatment of a great number of individuals, there are factual circumstances unique to each individual member. Defendants' liability as to each individual would have to be relitigated in mini-trials. In addition, the individual members have an interest in controlling the outcome of their individual discrimination claims.[15]

[¶ 43] Based upon the discussion above, this court finds that certifying this case as a class action is not the superior method of resolving plaintiffs' claims. Plaintiffs' Motion for Class Certification is denied.

[¶ 44] IT IS SO ORDERED.

Motion denied.

---

15. Potentially, some members have a stronger age or disability discrimination claim than other members of the class.