OPINION
Plaintiff-appellant Scott Wall appeals the November 7, 2001 Judgment Entry of the Canton Municipal Court which found against him and in favor of defendant-appellee Pizza Outlet, L.P., aka Pizza Outlet, Inc., aka Pizza Outlet.
 STATEMENT OF THE CASE AND FACTS
Appellant initiated this breach of contract action to recover a bonus payment of $198 from appellee. Appellant was working for Appellee as a manager of a Pizza Outlet when Appellee approached appellant and asked him to consider managing a different store in Stubenville, Ohio. The Stubenville store was failing. As an incentive to take the position, Appellee offered appellant a potential bonus. Appellant accepted the position and worked in the Stubenville store from June 5, 2000, through September 9, 2000.
The parties do not agree on the terms of the bonus. Appellant alleges appellee agreed to pay him 25% of the profits made by the Stubenville store for each of the pay periods appellant managed the store. If the store made no profit, appellant did not receive a bonus. Appellee agrees the bonus percentage was 25%, but argues the receiving of it was purely discretionary. In other words, no matter the profit of the store, appellee was under no obligation to pay appellant the bonus. Further, appellee argues any bonus due to appellant would only be paid if appellant was still employed at the time appellee chose to pay said bonus.
Appellant worked for appellee for three pay periods, and the Stubenville store made a profit of $792 in the last pay period. Therefore, appellant maintains he is entitled to a 25% bonus of the final pay period's profit, or $198. Further, because appellee failed to pay this amount for over thirty days, appellant also claims he is entitled to liquidated damages. As noted above, appellant voluntarily terminated his employment with appellee on September 9, 2000.
Appellee conceded it would have paid the bonus several weeks after the pay period in which the appellant's bonus was earned. In this case, bonuses earned by other employees during the pay period in question were paid October 6, 2000, approximately a month after appellant terminated his employment.
At issue herein is the bonus policy contained in appellee's employment manual. Specifically, appellee had a written policy stating an employee who earns a bonus must be employed at the time the bonus is paid out. The policy states, "if you leave your employ, either voluntarily or involuntarily, all bonus payouts will cease." Because of this policy, appellee refused to pay appellant the $198 bonus.
On February 26, 2001, appellant filed a Complaint in the Canton Municipal Court against appellee, alleging breach of contract. The parties filed cross-motions for summary judgment. In a July 17, 2001 Judgment Entry, the trial court denied each motion for summary judgment.
The matter proceeded to a bench trial on November 2, 2001. On November 7, 2001, the trial court filed its Judgment Entry, finding in favor of appellee. The Judgment Entry, which contained Findings of Fact and Conclusions of Law, specifically found appellant "was hired to manage `store 091' in Stubenville for a salary of $540 per week plus a bonus of 25% of any profit the store made for a particular pay period." Judgment Entry at 1. Further, the trial court found appellant was briefed about the bonus policies when he was originally hired as a manager on March 3, 1997, and he had at least constructive notice of the terms and conditions of appellee's bonus policies. Specifically, the trial court found, although appellant had earned the bonus, he did not abide by the policy by continuing to work for appellee until the bonus was paid out.
In so finding, the trial court agreed with the dissent in McKelvey v.Spitzer Motor Ctr., Inc. (1988), 46 Ohio App.3d 75, 81, which found a contractual provision requiring an employee to remain in a company's employ in order to be awarded a bonus was valid and binding on the parties. Because appellant herein only had to wait one month for payment of the bonus, and because this condition was contained in the policy manual, the trial court found appellant was not entitled to the bonus.
It is from this Judgment Entry appellant prosecutes this appeal, assigning the following errors for our review:
 I. THE TRIAL COURT ERRED IN APPLYING AND ENFORCING ONE OF THE EMPLOYER'S PRIOR, GENERAL EMPLOYMENT GUIDELINES, RATHER THAN THE ACTUAL EMPLOYMENT AGREEMENT BETWEEN THE PARTIES.
 II. THE TRIAL COURT ERRED IN FAILING TO APPLY AND ENFORCE OHIO'S LABOR LAWS AND PENALTIES, WHICH LAWS AND PENALTIES PROVIDE, INTER ALIA: THAT "WAGES" INCLUDE AN EMPLOYEE'S COMMISSIONS (R.C. 4111.01(A)); THAT WHERE, AS HERE, WAGES REMAIN UNPAID FOR 30 DAYS BEYOND THE REGULARLY SCHEDULED PAYDAY, THE EMPLOYER IS ALSO LIABLE TO THE EMPLOYEE FOR LIQUIDATED DAMAGES OF NO LESS THAN $200.00 (R.C. 4113.15(B)); THAT NO CORPORATION OR PERSON SHALL BY SPECIAL CONTRACT WITH AN EMPLOYEE OR BY OTHER MEANS, EXEMPT ITSELF FROM R.C. 4113.15 (R.C. 4113.16); THAT ANY EMPLOYER WHO PAYS ANY EMPLOYEE LESS THAN WAGES TO WHICH THE EMPLOYEE IS ENTITLED UNDER R.C. 4111.01 TO 4111.17, IS LIABLE TO THE EMPLOYEE AFFECTED FOR THE FULL AMOUNT OF THE UNPAID WAGES, AND FOR COSTS AND REASONABLE ATTORNEY'S FEES (R.C. 4111.10); AND THAT ANY AGREEMENT BETWEEN THE EMPLOYEE AND THE EMPLOYER TO WORK FOR LESS THAN THE WAGE RATE IS NO DEFENSE TO AN ACTION (R.C. 4111.10).
 III. THE TRIAL COURT ERRED IN ADOPTING THE DISSENT, RATHER THAN THE MAJORITY'S HOLDING IN MCKELVEY V. SPITZER MOTOR CENTER, INC. (1988), 46 OHIO APP.3d 75, 545 N.E.2d 1311, THEREBY: IGNORING THE PARTIES' HIRING AGREEMENT AND THE EQUITIES OF THE MATTER; AND INSTEAD HOLDING, IN ERROR, THAT A BONUS/COMMISSION WHICH IS FULLY EARNED BY THE EMPLOYEE WITHIN THE BONUS/COMMISSION PERIOD, IS THEREAFTER FORFEITED BY HIM IF HE DEPARTS EMPLOYMENT PRIOR TO THE BONUS BEING PAID AND THE EMPLOYER'S EMPLOYMENT MANUAL PROVIDES FOR SUCH FORFEITURE UPON DEPARTURE.
 III
In appellant's third assignment of error, he maintains the trial court erred in adopting the dissent, rather than the majority's holding inMcKelvey, supra. We agree and find the trial court erred in finding appellant had forfeited an earned bonus by leaving his employment prior to the payment of the bonus.
Appellee's Management Bonus Program Guidelines state:
 It has been a practice of Pizza Outlet to distribute bonuses to General Managers and Assistant Managers. Bonuses are determined on the basis of efficiency, initiative, knowledge, and performance, as evaluated by your District Supervisor and Director of Operations. Firm goals are set for items such as Food Costs, Labor Costs, Sales increases, etc. Exact guidelines will be given to you by your Supervisor. You must meet these guidelines to be eligible for a bonus.
 You must work in the location the entire month to be eligible for the entire bonus. If you work part of the month and then are transferred to another location, your bonus, if you meet the guidelines, will be prorated by location.
 You must be employed by Pizza Outlet at the time the bonus is paid out. If you leave our employ, either voluntarily or involuntarily, all bonus payouts will cease.
Emphasis added.
As an initial matter, we note the underlined language in the bonus program appears to indicate the supervisor will give managers particularized goals to meet in order to obtain a bonus. We find this detracts from appellee's argument bonuses are completely discretionary. To the contrary, it appears this language makes bonuses earned.
The trial court found the parties entered into a contractual agreement to pay appellant 25% of the profits for a particular pay period. The trial court analyzed two cases, Doberrer v. A.N. Harris Indust., Inc. (1971), 28 Ohio App.2d 71, and McKelvey, supra, and found the reasoning of the dissent in McKelvey persuasive. We disagree with the trial court and note our agreement with the majority in McKelvey.
In McKelvey, the plaintiff participated in an employee bonus plan in which the employer offered to pay a bonus based upon the company's annual net profit. In order to receive the bonus, the plaintiff was required to be employed at the completion of the audit and payment of the bonus. The plaintiff voluntarily terminated his employment after the completion of the bonus year, but before the completion of the audit. The appellate court held it was inequitable to forfeit an employee's share of the employee bonus plan where the only condition not met was the continued employment of the employee at the time the bonus was paid. Id. at syllabus.
This decision is in line with our decision in Haines Co., Inc. (Feb. 5, 2001), Stark App. No. 2000CA00138 (the trial court did not err in finding the employer had no right to withhold vested commissions). When an employer retains the ability to choose when it will pay a bonus, as opposed to whether any bonus is due, we find the bonus, in actuality, more in the nature of a commission than a bonus. Because the trial court found the parties entered into a contract for 25% of profits, and because all conditions precedent (but for continued employment) were met, we find appellant earned the bonus/commission prior to his termination. Accordingly appellee was required to pay the bonus. Appellant's third assignment of error is sustained.
 I, II
In light of our disposition of appellant's third assignment of error, we find appellant's first and second assignments of error to be moot.
The November 7, 2001 Judgment Entry of the Canton Municipal Court is reversed. This matter is remanded for further proceedings consistent with this opinion and law.
By: HOFFMAN, P.J. GWIN, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the November 7, 2001 Judgment Entry of the Canton Municipal Court is reversed. This matter is remanded for further proceedings consistent with this opinion and law. Costs assessed to appellee.