Zimmerman, J.
 

 As succinctly state.d in 12 American Jurisprudence, 641, Section 149:
 

 “It is the inherent and inalienable right of every man freely to deal or refuse to deal with his fellow men. Competent persons ordinarily have the utmost liberty of contracting, and their agreements voluntarily and fairly made will be held valid and enforced in the courts. Parties may incorporate in their agreements any provisions that are not illegal or violative of public policy. ’ ’
 

 Ordinarily, the owner of real property may surround its occupation and use by others with such reasonable restrictions as he may deem fit and proper. Here,
 
 *185
 
 plaintiff was in the control of the apartment building. Defendant rented an apartment and moved into- it with knowledge of the condition that its occupancy was to be solely by adults. In bringing a child to dwell in the apartment against plaintiff’s stipulation to the contrary, thp defendant breached a material part of the agreement.
 

 We know of no constitutional provision, statutory enactment or decision by this court denying plaintiff the privilege of imposing a condition of the kind involved here. Nor can we conceive that such a condition may be classed as injurious to the public or in contravention of any established interest of society. Although we are aware that a temporary housing shortage exists in this state, the argument that plaintiff’s rule against permitting children to live in its property would encourage race suicide is hardly tenable.
 

 At best, “public policy” is an uncertain and indefi-, nite term. When judges come to apply the doctrine, they must take care not to infringe on the rights of parties to make contracts which are not clearly opposed to some principle or policy of the law. Notwithstanding we may be sympathetic toward the defendant and his problem of securing living accommodations for himself and his family, we cannot allow that sympathy to prevail over plaintiff’s legal rights.
 

 ' Plaintiff did not say to the defendant, “You cannot have children”; it said, merely, “If you do have children, they may not occupy my premises.”
 

 In summation, plaintiff and the defendant agreed on the terms and conditions under which defendant would become plaintiff’s tenant. Defendant became a tenant upon the conditions prescribed and exercised his privilege of having a child. When defendant brought such child to live in plaintiff’s property, he plainly violated an important feature of the rental
 
 *186
 
 agreement, which, gave plaintiff the option of reclaiming the apartment by an action in forcible entry and detainer.
 

 Consequently, the judgment of the Court of Appeals is reversed and final judgment is entered for the plaintiff.
 

 Judgment reversed.
 

 Williams, Matthias and Hart, JJ., concur.
 

 Weygandt, C. J., Bell and Turner, JJ., dissent.