JUDGMENT: Reversed and remanded
 OPINION
Appellant, Donald Simmers, owned a .918 acre of land adjacent to acreage owned by appellees, James and Cathleen Allman. On October 17, 1994, the parties entered into a written agreement for the purchase by appellees of appellant's property. In exchange for the transfer, appellees promised to pay appellant $1,600 cash and to permit appellant to rent one of their apartments for $125 a month for the duration of appellant's lifetime. Appellees also promised to pay appellant $150 as a housing allowance until the apartment was completed. The agreement also provided that if appellant moved from appellees' apartment within five years, appellees would pay appellant $5,000. In May of 1995, appellant moved into appellees' newly constructed apartment and paid the $125 per month. On May 18, 1995, the parties entered into another agreement regarding appellant's lawnmower repair business on the property. In July of 1997, appellees notified appellant that they believed he had breached certain conditions of the second agreement. Subsequently, appellees refused to accept any further rent payments from appellant. On November 17, 1997, appellees filed a complaint in forcible detainer against appellant, seeking a writ of restitution and money damages. An amended complaint was filed on March 23, 1998. On December 17, 1997, appellant filed an answer and counterclaim alleging appellees breached their agreements. A bench trial commenced on December 28, 1998. By judgment entry filed February 24, 1999, the trial court found the parties October 17, 1994 agreement giving appellant a lifetime lease was against public policy and therefore the agreement was void. The trial court reformed the agreement to a five year lease and ordered appellant to vacate the premises by March 31, 1999. The trial court also dismissed appellant's counterclaim. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN REFORMING THE SALES/LEASE AGREEMENT ON THE GROUNDS THAT THE "LIFETIME LEASE" PROVISION WAS VOID AS AGAINST PUBLIC POLICY.
 II THE TRIAL COURT ERRED IN ORDERING A TENANT TO VACATE THE LEASE PREMISES WHERE THERE WAS NO FINDING THAT THE TENANT WAS IN VIOLATION OF THE LEASE AGREEMENT.
 III THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COUNTERCLAIM FOR DAMAGES FOR BREACH OF THE SALE/LEASE CONTRACT.
Preliminarily, we will review whether an order granting restitution of the premises pursuant to R.C. 1923.01 et seq. without a determination of damages that may have been caused to the premises by the tenant is a final appealable order. R.C.2505.02 as amended classifies a final order as "[a]n order that affects a substantial right in an action [i.e. the possession of the premises] that in effect determines the action and prevents a judgment." In an eviction matter, a writ of restitution of the premises is ordered and granted separate and apart from any determination of damages to the premises. Appellant would have had to vacate the premises prior to appellees being able to determine if there was any claim for damages. Therefore, under the facts of this unusual eviction, we find the granting of the writ of restitution to be a final order.
 I
Appellant claims the agreement which provides for a "lifetime lease" is not against public policy and the trial court erred in so finding. We agree. Public policy is a "legal principle which declares that no one can lawfully do that which has tendency to be injurious to the public welfare." Garretson v. S.D. Myers, Inc. (1991), 72 Ohio App.3d 785, 788, citing Chickerneo v. Society Natl. Bank (1979), 58 Ohio St.2d 315. The Garretson court further stated the following at 788-789: The principle of public policy must be applied with caution and limited to those circumstances patently within the reasons upon which the doctrine rests. Id. At best, public policy is an uncertain and indefinite term. Lamont Bldg. Co. v. Court (1946), 147 Ohio St. 183, 158, 34 O.O. 73, 74,70 N.E.2d 447, 448. When judges come to apply the principle of public policy, they must proceed with caution so as to not infringe on the parties' rights to make contracts which are not clearly opposed to some principle or policy of the law. Id.
In Lamont at 814, Justice Zimmerman quoted the following from 12 American Jurisprudence, 641, Section 149: `It is the inherent and inalienable right of every man freely to deal or refuse to deal with his fellow men. Competent persons ordinarily have the utmost liberty of contracting, and their agreements voluntarily and fairly made will be held valid and enforced in the courts. Parties may incorporate in their agreements any provisions that are not illegal or violative of public policy.'
In order to determine whether there is a violation of public policy, the court must determine if there is any constitutional provision, statutory enactment or court decision denying the plaintiff the privilege of imposing the condition. Id. at 185. Lifetime trusts, leases and estates are clearly recognized by Ohio law. The provision in question provides that in exchange for the transfer of appellant's property at 499 and 1075 Taber Ridge Road, appellees will pay $1,600 and permit appellant "to rent an apartment for the rest of his life, for one hundred and twenty-five dollars a month." See, Joint Exhibit B. Appellees further agreed to give appellant $150 per month for rent for an apartment until appellees' apartments were done. Appellant fulfilled his obligation under the agreement by transferring his property to appellees. See, Joint Exhibit C. Appellees paid appellant the $1,600 and $150 per month for rent. The lifetime lease provision is not against public policy. However, it is conditioned upon appellant's payment of rent and the general provision that a tenant will not disturb the peaceful environment of the premises to so injure the rights and privileges of the landowner and the other tenants. See, R.C. 5321.05. Upon review, we find the trial court erred in determining the agreement was against public policy and therefore void and unenforceable. Assignment of Error I is granted.
 II, III
Appellant claims the trial court did not make any findings relative to a violation of the lease agreement and erred in dismissing his counterclaim. We agree. In its judgment entry at Conclusion of Law No. 1, the trial court concluded "[t]he contract of 10/17/94 between Plaintiffs Allman and Defendant Simmers (first contract) is Void as against public policy because it purports to provide to Defendant a lifetime lease in real property." Appellant is correct that there are no findings relative to a violation or breach of the quiet enjoyment of the rental premises. However, there was considerable evidence on the matter: [James Allman] A. Third day he lived there I went down to visit him, he had batteries and battery chargers and all his tools laying inside the apartment, brand new apartment. At that time I told him if he didn't remove them I was going to have you throwed out. I went into town and came back and as I suggested, he removed them. As the year wore on he had a cat. The cat would pooh on the floor. There was no box, there was nothing.
T. at 21-22.
A. The well — he dumped oil all over the ground. I was always concerned about that. Him and I talked about that a hundred times. I've got pictures showing all the scrap, the oil. He had tires there so bad stacked up, and I kept telling him to get rid of them, that the mosquito infestation got so bad a guy next door finally told him `Donny, if you don't take them out I'm going to nail you.' Donny got rid of them.
T. at 39.
A I got pictures. The place is a dump. (Inaudible) falling outside, cigarette burns all over the tub, the sinks, those pictures right there. Carpet a god awful mess.
T. at 41.
Appellee James Allman further testified appellant disturbed the other tenants unnecessarily. T. at 22. In its judgment entry at Conclusion of Law No. 2, the trial court reformed the agreement as follows: 2. The 10/17/94 contract should be modified/reformed by the Court through its exercise of equity powers to a fixed five (5) year lease/contract retroactive to 10/94 through 10/99. The five (5) year fixed lease period is chosen by the Court based upon the language in the first contract which provided for its termination within five (5) years if the Defendant voluntarily left the premises.
In Conclusion of Law No. 4, the trial court ordered appellant to vacate the premises by March 31, 1999.
Based upon our decision in Assignment of Error I, we find the trial court's decision to be in error. We remand this case to the trial court for findings on whether there was a violation of the lease, and a date of termination based upon the facts and damages. Further, as noted in Assignment of Error III regarding appellant's counterclaim, the parties had agreed to a cash settlement of $5,000 should appellant vacate the premises before the expiration of the five year period. This $5,000 payment must be considered by the trial court in assessing damages. Assignments of Error II and III are granted.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.