**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Huntington Natl. Bank v. Schneider*, **Slip Opinion No. 2025-Ohio-2920.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2920

HUNTINGTON NATIONAL BANK, APPELLANT *v.* SCHNEIDER, APPELLEE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Huntington Natl. Bank v. Schneider*, Slip Opinion No. 2025-Ohio-2920.]**

*Contracts—Restatement (First) of Security—Whether a creditor has a duty to disclose facts that materially increase a surety's risk—Parties engaging in an arm's-length transaction, without affirmatively establishing a relationship of special trust or confidence between the parties, do not owe one another a duty to disclose unknown facts that materially increase risk to the other party, regardless of whether one of the parties is a guarantor or surety—Court of appeals' judgment reversed and trial court's grant of summary judgment reinstated.*

(No. 2024-0208—Submitted March 13, 2025—Decided August 20, 2025.)

APPEAL from the Court of Appeals for Hamilton County, No. C-230072, 2023-Ohio-4813.

_____

KENNEDY, C.J., authored the opinion of the court, which HENDRICKSON, DEWINE, DETERS, HAWKINS, and SMITH, JJ., joined. BRUNNER, J., concurred in part and dissented in part, with an opinion. ROBERT A. HENDRICKSON, J., of the Twelfth District Court of Appeals, sitting for FISCHER, J. JASON P. SMITH, J., of the Fourth District Court of Appeals, sitting for SHANAHAN, J.

**KENNEDY, C.J.**

{¶ 1} This discretionary appeal from the First District Court of Appeals presents the question whether to adopt Section 124(1) of the Restatement (First) of Security (1941), which states that a creditor has a duty to disclose facts that materially increase a surety's risk when those facts are not known by the surety at the time an obligation is incurred.

{¶ 2} Ohio does not recognize the Restatement's view that a creditor has an affirmative duty to disclose facts that materially increase risk to a surety. Rather, under Ohio's well-established contract law, each party is presumed to have the opportunity to ascertain relevant facts available to other similarly situated parties and neither party has a duty to reveal material information to the other unless a relationship of special trust or confidence is established between the parties. And regardless of whether a party to an agreement is a surety, there is still no duty to disclose.

{¶ 3} The First District, in its reversal of the trial court's grant of summary judgment in favor of appellant, Huntington National Bank ("Huntington" or "the bank"), held that the bank owed appellee, Raymond Schneider, a duty to disclose facts that materially increased Schneider's risk that were unknown to Schneider at the time he signed a guaranty agreement with the bank. We disagree: the bank had no duty to disclose facts that materially increased risk to Schneider when the parties entered into the guaranty agreement.

2

**{¶ 4}** We therefore reverse the judgment of the First District and reinstate the trial court's grant of summary judgment in favor of Huntington National Bank.

**Facts and Procedural History**

**{¶ 5}** Schneider was a 50-percent owner of the "Keller Group," a collection of three skilled-nursing-facility companies and four real-estate companies. All the Keller Group companies were managed by Schneider's business partner, Harold Sosna—the other 50-percent owner of the group. In addition to the Keller Group, Harold Sosna also fully owned a collection of companies known as the "JBZ Group." And both the Keller Group and JBZ Group were managed by Premier Health Care Management, a company wholly owned by Harold Sosna.

**{¶ 6}** In early 2018, Premier began the process of engaging Huntington to arrange approximately $77 million in loans as part of a broader refinancing of Premier's real-estate portfolio. Sosna was seeking out a new lender because Premier had defaulted on its loan from Fifth Third Bank.

**{¶ 7}** On November 30, 2018, Huntington entered into a credit agreement with fourteen borrowers. The borrowers consisted of Premier and the companies in the Keller Group and JBZ Group. In support of the credit agreement, Huntington required Schneider, Harold Sosna, and Faye Sosna to fully and unconditionally personally guarantee the agreement. As a result, on the same day the credit agreement was executed, Schneider entered into a "Guaranty of Payment of Debt" agreement ("guaranty agreement") with the bank, wherein Schneider accepted personal liability for the full $77 million in loans.

**{¶ 8}** Less than six months later, on May 2, 2019, Huntington required Schneider to execute a "Reaffirmation of Guaranty and Other Loan Documents" ("reaffirmation agreement") with the bank. And by October 2019, as the financial condition of Premier continued to decline, Huntington had declared the credit-agreement loans in default. Thereafter, Harold Sosna began to kite checks to cover the operating expenses of the companies managed by Premier. His check-kiting

scheme surfaced in early 2020, and he was eventually charged with and pled guilty to bank fraud. *See United States v. Sosna*, 2023 WL 2664386, *1 (W.D. Pa. Mar. 28, 2023).

{¶ 9} Around the same time, Huntington accelerated the loans in the credit agreement and demanded payment in full of the outstanding obligations from both the borrowers and guarantors. On June 5, 2020, Huntington filed a three-count complaint in the Hamilton County Court of Common Pleas seeking repayment from Harold Sosna, Faye Sosna, and Schneider under their respective guaranty agreements. In response, Schneider alleged that Huntington had fraudulently induced him into signing the guaranty agreement. Schneider claimed that the bank had had access to financial information about Harold Sosna and Premier that Schneider had not known. Schneider asserted that he would never have signed the guaranty agreement and reaffirmation agreement had he been aware of the eroding financial conditions of Harold Sosna and Premier.

{¶ 10} Huntington moved for summary judgment on its claim against Schneider. The trial court granted the motion for summary judgment in favor of the bank, finding that Schneider had waived any defenses available to him pursuant to the guaranty agreement, that Huntington had no duty to disclose to Schneider facts about Premier and Harold Sosna that materially increased Schneider's risk, and that Schneider could not establish the elements necessary for a claim of fraudulent inducement. Schneider appealed.

{¶ 11} The First District reversed the trial court's grant of summary judgment. The appellate court determined that Schneider, as a surety, could assert a defense to the guaranty agreement based on Huntington's violation of a duty to disclose facts that materially increased the risk of the suretyship beyond what Schneider could otherwise have expected. In holding that there was a duty to disclose, the First District implicitly adopted Section 124(1) of the Restatement (First) of Security, which the parties refer to as the "doctrine of increased risk."

4

The First District therefore determined that summary judgment was improperly granted in favor of Huntington.

{¶ 12} The bank appealed to this court, and we agreed to review the following two propositions of law:

> (1) The standard language in the "Guaranty of Payment of Debt" agreement created a guaranty relationship, not a suretyship.
>
> (2) Even for a surety agreement, a lender does not have a duty to disclose information under the "doctrine of increased risk"— and regardless does not have such a duty when the lender lacks actual knowledge of the surety's ignorance or when the surety has the same or greater access to the information at issue.

*See* 2024-Ohio-1577. Because the second proposition of law is dispositive of this appeal, we need not address the first proposition of law.

**Law and Analysis**

***Standard of Review***

{¶ 13} Cases decided on summary judgment are reviewed de novo under the standard set forth in Civ.R. 56. *Comer v. Risko*, 2005-Ohio-4559, ¶ 8. And as we explained in *M.H. v. Cuyahoga Falls*,

> [s]ummary judgment may be granted when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

2012-Ohio-5336, ¶ 12, quoting *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

### *Does a Creditor Have a Duty to Disclose Facts that Materially Increase a Surety's Risk?*

**{¶ 14}** Schneider's argument against the enforcement of the guaranty agreement hinges on a single defense—he asserts that the evidence in the record shows that Huntington *concealed* facts that materially increased his risk and that were not available to him at the time he signed the guaranty agreement. Schneider's defense is premised on his claim that the guaranty agreement created a suretyship and that a duty to disclose arises in a surety relationship. Because the second proposition of law concerns this duty, we begin with the question whether a lender has a duty to disclose facts that materially increase risk to a surety. In other words, should Ohio adopt Section 124(1) of the Restatement (First) of Security?

**{¶ 15}** At common law, there is no duty to disclose unknown facts that materially increase risk to a contracting party unless a "special trust or confidence" has been established. *Blon v. Bank One, Akron, N.A.*, 35 Ohio St.3d 98, 101 (1988). Even so, Section 124(1) of the Restatement (First) of Security provides that a duty to disclose arises

> [w]here before the surety has undertaken his obligation the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety[. In these circumstances], failure of the creditor to notify the surety of such facts is a defense to the surety.

6

{¶ 16} We decline to adopt the Restatement's view of the law. Rather, under well-established Ohio law, contracts that are fairly made and freely entered into are valid and enforceable. *Cincinnati City School Dist. Bd. of Edn. v. Conners*, 2012-Ohio-2447, ¶ 15, citing *Lamont Bldg. Co. v. Court*, 147 Ohio St. 183, 184 (1946). "The freedom to contract is a deep-seated right that is given deference by the courts," *Conners* at ¶ 15, and "[i]t has long been recognized that persons have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced," *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 36 (1987). Hence, "'unless there is fraud or other unlawfulness involved, courts are powerless to save a competent person from the effects of his own voluntary agreements.'" *Dugan & Meyers Constr. Co., Inc. v. Ohio Dept. of Adm. Servs.*, 2007-Ohio-1687, ¶ 29, quoting *Ullmann v. May*, 147 Ohio St. 468, 476 (1947).

{¶ 17} Moreover, "[o]rdinarily in business transactions where parties deal at arm's length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated and, therefore, neither party has a duty to disclose material information to the other." *Blon* at 101. As a result, "[a] bank does not owe a fiduciary duty to a prospective borrower unless it is aware of a *special* repose or trust." *Groob v. KeyBank*, 2006-Ohio-1189, ¶ 26; *see also Umbaugh Pole Bldg. Co., Inc. v. Scott*, 58 Ohio St.2d 282 (1979), paragraph one of the syllabus. The same is true for a bank engaged with a guarantor or surety—absent an established relationship of special trust or confidence, there is no duty between the parties to disclose facts that materially increase risk to one another.

{¶ 18} In this case, Schneider asserts that Huntington had access to information related to his business partner Harold Sosna that materially increased Schneider's risk and that Schneider did not have access to. And it may be true that "Schneider was 'blindsided' by the actions of Sosna." 2023-Ohio-4813, ¶ 31 (1st

Dist.). But what Schneider could or should reasonably have known about Sosna's financial state from their business relationship did not affect the relationship between Schneider and Huntington in negotiating the guaranty agreement. Schneider had the opportunity to ascertain facts from Harold Sosna or from other sources. Schneider's contention that he was unable to do that does not shift the burden of responsibility to the bank to disclose information that Schneider could have discovered before executing the guaranty agreement.

{¶ 19} Therefore, regardless of whether Schneider is a surety under the guaranty agreement, the answer to the question in this case remains the same: there was no duty on the part of Huntington to disclose facts that materially increased Schneider's risk. Nothing in the record indicates that Schneider and Huntington National Bank had a relationship of special trust or confidence or engaged in anything but arm's-length transactions.

### Conclusion

{¶ 20} Ohio does not adopt the Restatement (First) of Security's view that a lender is required to disclose facts that materially increase risk to a surety that are not known to the surety at the time an obligation is incurred. Rather, under Ohio's contract law, parties engaging in an arm's-length transaction, without affirmatively establishing a relationship of special trust or confidence between the parties, do not owe one another a duty to disclose unknown facts that materially increase risk to the other party. *Blon*, 35 Ohio St.3d at 101. And this is true regardless of whether one of the parties is a guarantor or surety. As a result, any question whether Ohio contract law ought to require a duty to disclose for sureties or guarantors is a decision that should be left to the General Assembly.

{¶ 21} Accordingly, we reverse the judgment of the First District Court of Appeals and reinstate the summary judgment granted to Huntington National Bank by the Hamilton County Court of Common Pleas.

Judgment reversed.

8

---

**BRUNNER, J., concurring in part and dissenting in part.**

{¶ 22} This appeal necessitates that this court consider whether, under Ohio law, a creditor has a duty to disclose facts that materially increase a surety's risk when those facts are not known by the surety at the time an obligation is incurred. The majority concludes that a creditor *never* has such a duty, and this court thereby reverses the judgment of the First District Court of Appeals. In my view, the majority opinion is too expansive, because a creditor has such a duty when the transaction involves an unsophisticated investor. Courts have found that sophisticated investors are not at a disadvantage in bargaining strength, *see, e.g.*, *425 Beecher, L.L.C. v. Unizan Bank, Natl. Assn.*, 2010-Ohio-412, ¶ 53 (10th Dist.), and must "'investigate the information available to them with the care and prudence expected from people blessed with full access to information,'" *Terra Secs. Asa Konkursbo v. Citigroup, Inc.*, 740 F.Supp.2d 441, 448 (S.D.N.Y. 2010), quoting *Hirsch v. du Pont*, 553 F.2d 750, 763 (2d Cir. 1977). Whether an investor is sophisticated or unsophisticated is a factual finding that should be made by the trier of fact. *See, e.g.*, *425 Beecher* at ¶ 53. In this case, the trial court specifically noted that the investor, appellee Raymond Schneider, was a sophisticated investor. I therefore agree with this court that the judgment of the court of appeals should be reversed, but I disagree with the majority's sweeping reasoning.

{¶ 23} I also disagree with this court's decision to reinstate the trial court's grant of summary judgment in favor of appellant, Huntington National Bank. I would remand the case to the trial court for further proceedings consistent with the principle explained in this separate opinion.

{¶ 24} Accordingly, I concur in part and dissent in part.

---

Jones Day, Yvette McGee Brown, Michael R. Gladman, Daniel C. Loesing, and James R. Saywell, for appellant.

Strauss Troy Co., L.P.A., Richard S. Wayne, Ryan F. Hemmerle, and Jeffrey A. Levine, for appellee.

Frost Brown Todd, L.L.P., Ryan W. Goellner, John S. Higgins, and Nathaniel L. Truitt, urging reversal for amici curiae Ohio Bankers League, American Bankers Association, and America's Credit Unions.

Squire Patton Boggs (U.S.), L.L.P., and Scott A. Kane and Lauren S. Kuley, urging reversal for amicus curiae Ohio Chamber of Commerce.

———————————